CALDWELL–CLEMENTS, Inc. and Maurice Clements, Plaintiffs,

v.

COWAN PUBLISHING CORP. and Sandford R. Cowan, Defendants.

United States District Court, S. D. New York.

March 29. 1955.

Robert E. Nickerson, c/o Smith, Sargent, Doman & Grant, New York City, for plaintiffs.

Kommel & Rogers, New York City, for defendants Myron Kommel, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

The defendants move to dismiss the complaint consisting of three claims, each stated in a separate count.

The first claim is for treble damages based upon Section 1 of the Sherman Anti-Trust Act, 15 U.S.C.A. § 1. Defendant asks dismissal of the count for failure to state a claim.[1] The

---

[1]. This branch of the motion is based upon both Rules 12(b) (6) and 56, 28 U.S.C.A. After examining the affidavits presented, this Court concludes that there is a wealth of triable factual issues as to the existence of a conspiracy in violation of Section 1, and, therefore, summary judgment must be denied. The balance of this Court's discussion will be addressed to the Rule 12(b) (6) ground of this branch of the motion.

plaintiffs and defendants are publishers of rival trade magazines in the radio and television field. Plaintiff corporation alleges that the defendant publishing corporation, some of its employees, the individual defendant publisher "conspired among themselves" and with certain other named publishing corporations competing with the plaintiff to restrain trade "in the service dealer trade publishing field by reducing Caldwell-Clements' competition in such field through *concerted* distribution, by each and all of them of \* \* \* false and malicious statements to Caldwell-Clements' advertisers and prospective advertisers." (Par. 20). The allegedly false written statements were to the effect that plaintiff corporation had greatly over-stated its circulation figures in its publications. The defendants' first objection to this count is that it is insufficient to allege that the defendant corporation, its publisher and some of its employees "conspired among themselves" because a corporation and its agents are not separate legal entities for the purposes of the law of conspiracy. While some of the cases support this view, Nelson Radio & Supply Co. v. Motorola, Inc., 5 Cir., 1952, 200 F.2d 911; Marion County Co-op. Ass'n v. Carnation Co., D.C.W.D.Ark.1953, 114 F.Supp. 58, affirmed on other grounds, 8 Cir., 1954, 214 F.2d 557, it is sufficient, for the rejection of this contention, to point out that the complaint also alleges a conspiracy including as its participants not only the corporation and its agents but also a large number of independent corporate competitors in the publishing field. The second and more basic contention is that what is alleged is, at most, a trade libel or competitive tort, not a restraint of trade. This is not supportable because the root of the evil, and the circumstance which lifts the claim out of the realm of private law and into the aegis of public policy, is the concert of action here alleged, See Interstate Circuit v. United States, 1939, 306 U.S. 208, 226, 59 S.Ct. 467, 83 L.Ed. 610, by competitors with the specific purpose and result of "re-ducing" plaintiff corporation's ability to compete in the specific interstate market delineated in the complaint: "the service dealer trade publishing field" (Par. 20). That the means chosen to accomplish this end were the "peaceful persuasion" of plaintiff's actual and prospective advertiser-customers by the distribution of false writings concerning plaintiff's business methods does not insulate the defendants from liability. Cf. Paramount Pictures v. United Motion Picture Theatre Owners, 3 Cir., 1937, 93 F.2d 714, 719–720. The last but least contention of the defendants with respect to this claim is that conclusions, rather than specific facts, are alleged. It is true that claims of conspiracy should be alleged with some specificity. Compare Glenn Coal Co. v. Dickinson Fuel Co., 4 Cir., 1934, 72 F.2d 885, 887 with Metropolitan Theatre Co. v. Warner Bros. Pictures, D.C.S.D.N.Y.1952, 12 F.R.D. 516. This requirement has been met in the instant case. The object and result of the conspiracy are alleged: causing plaintiff's actual and potential customers to refuse to deal with him; the means chosen and the overt acts performed are alleged: concerted distribution of false statements, the contents of which are set out in full.

█ The second count (copyright infringement and unfair competition) is sought to be dismissed for failure to state a claim. Plaintiff corporation alleges that the defendant corporation copied one or more of its copyrighted advertising directories. Defendants' contention is that since some of the names listed in the directories were also listed in other directories distributed by other publishers the plaintiff's directory cannot be *infringed*. This theory is completely without merit. The availability to a defendant of other "common sources" for obtaining these names is not a defense to an action for copyright infringement if the defendant actually copied the names from plaintiff's directory. The ultimate probandum is *copying*—the ex-

istence of "common sources" is merely *evidence* negating copying.[2]

The third count (Libel) **is** based upon the same allegedly false statements as are involved in the anti-trust claim. Defendants' sole contention as to this count is that the Court lacks federal jurisdiction because of the identity of citizenship between the corporate plaintiff and both defendants. The corporate plaintiff, corporate defendant and individual defendant are citizens of New York, and the individual plaintiff is a citizen of New Jersey. While the rule usually applicable to a multiple party situation is that there must be complete diversity between the plaintiffs, on the one hand, and the defendants, on the other hand, Strawbridge v. Curtis, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435, this rule is inapplicable to a situation where the co-citizen plaintiff does not have a "joint" interest with the other plaintiff in the state-created claim. Only the individual plaintiff is asserting the state-created libel claim against both defend-ants; the corporate co-citizen plaintiff is not a party to the libel claim. The libel claim, if it had been brought as an independent action in this court would have had a jurisdictional basis. To have the liberal federal practice rules of joinder of parties and claims operate to foreclose litigation of this claim jointly with the other clearly cognizable federal claims even though the libel claim solely concerns parties of diverse citizenship would defeat the very purpose of the joinder rules. Cf. Sheppard v. Atlantic States Gas Co., 3 Cir., 1948, 167 F.2d 841. If a Federal Court is empowered under the removal statute to hear usually non-removable claims when they are joined with "a separate and independent claim * * which would be removable if sued upon alone," 28 U.S.C. § 1441(c), then a case consisting of: (1) a separate and independent libel claim supported by diverse citizenship, and (2) two *federal* claims certainly should be originally cognizable in this court.

The motion is denied in all respects. So ordered.

2. While I am limited to the face of the complaint in determining this motion to dismiss under F.R.C.P. 12(b) (6), the case being inappropriate for treatment as a motion converted into one under F.R.C.P. 56 for summary judgment, I take this occasion to note *obiter* that the gravamen of this claim, as it appears from the affidavits and briefs in conjunction with the complaint, appears to be that the corporate defendant used, rather than copied, plaintiff's extensively published directory to solicit by mail customers listed in it without plaintiff's permission. This is alleged to constitute an "infringement" of the copyright (Par. 8). Although actual copying in the sense of physical reproduction of the form, arrangement and content of the original directory is given copyright protection, the *use* absent *copying*, of another's directory solely for mail solicitation purposes is not within the protection of the copyright laws (though it may possibly be sufficient for the purposes of an unfair competition claim). Certainly one who copyrights a compilation or directory of names cannot be said to gain a monopoly, under the copyright statute, over business dealings with those listed. 17 U.S.C. § 1.