**Robert A. CHRISTIE, Plaintiff,**

**v.**

**Maxwell C. RADDOCK, the American Institute of Social Science, Inc., World Wide Press Syndicate, Inc., and United Brotherhood of Carpenters and Joiners of America, Defendants.**

United States District Court
S. D. New York.
Jan. 6, 1959.

Rubenstein & Rubenstein, New York City, Jerome S. Rubenstein, New York City, of counsel, for plaintiff.

Waldman & Waldman, New York City, Louis Waldman, Seymour M. Waldman, Martin Markson, New York City, of counsel, for defendants, Maxwell C.

Raddock, The American Institute of Social Science, Inc., and World Wide Press Syndicate, Inc.

DIMOCK, District Judge.

In this action for copyright infringement plaintiff seeks a preliminary injunction.

Plaintiff's work is a thesis, written for the degree of doctor of philosophy, entitled "Empire in Wood: A History of the United Brotherhood of Carpenters and Joiners of America". The allegedly infringing work is entitled "Portrait of an American Labor Leader: William L. Hutcheson" and bears the additional title "Saga of the United Brotherhood of Carpenters and Joiners of America, 1881–1954".

Plaintiff alleges that in the first half of 1954 he deposited three copies of his thesis in the libraries of Cornell University: two in the University Library and one in the library of the New York State School of Industrial and Labor Relations at Cornell. He swears that all three copies contained a notice of copyright in the statutory form.

In October 1954, one Isacque Graeber borrowed the thesis from the New York State School of Industrial and Labor Relations at Cornell. Graeber was director of research for defendant Maxwell C. Raddock, the author of defendants' book. Raddock had been commissioned by defendant United Brotherhood of Carpenters and Joiners of America to write it. Graeber swears that the copy of the thesis which was furnished him bore no notice of copyright. Either Graeber or someone else in the organization liberally included throughout defendants' book extracts from the thesis as if original with defendants' book.

On February 1, 1955, plaintiff registered the copyright of his thesis and, in November or December of that year, defendants' book was published. Either late in 1955 or early in 1956 plaintiff learned of defendants' book when a copy was sent to him for review purposes. He made no claim of infringement, however, before June 25, 1958, when he

testified before the Senate Select Committee on Improper Activities in the Labor or Management Field, 85th Congress, 2nd Session. On September 16, 1958, plaintiff's attorneys sent a formal wire to defendant Raddock individually and as a stockholder and officer of World Wide Press Syndicate, Inc. and American Institute of Social Science, Inc., the other defendants against whom a preliminary injunction is sought. This action was begun on October 4, 1958.

Plaintiff's thesis has never been distributed. On March 18, 1956, however, a revised edition of it was published by the New York State School of Industrial and Labor Relations under the title, "Empire in Wood: A History of the Carpenters' Union." This revision bore a notice of copyright dated 1956. Plaintiff makes no claim to have any financial interest in the publication of this book by the New York State School of Industrial and Labor Relations. Its copyright is owned by Cornell University.

It is hard to see why plaintiff thinks that it is necessary that he have a preliminary injunction. There is no claim that the defendants are not financially responsible.

Instead of proof of irreparable damage which will accrue if a preliminary injunction is not issued, plaintiff seems to rely upon a statement by Chief Judge Clark in Houghton Mifflin Co. v. Stackpole Sons, Inc., 2 Cir., 104 F.2d 306, 307, "Consequently it is settled in copyright cases that, if the plaintiff makes a prima facie showing of his right, a preliminary injunction should issue." That statement followed other statements by Judge Clark to the effect that in a case such as the one before him, where two editions of a book of great popular interest were being actively promoted in competition with each other, it was obvious that much of the damage to the rightful owner of the copyright would have been done by the time the action might be tried and final decree entered upon an accounting. He said that such an owner needed protection immediately when the

book was at the height of its sales or else he might never be able to realize the fruits of ownership. In support of this statement that, if plaintiff makes a prima facie showing of his right, a preliminary injunction should issue, Judge Clark cited two cases one of which was L. C. Page & Co. v. Fox Film Corporation, 2 Cir., 83 F.2d 196. In that case, Circuit Judge Swan said at page 200, "[O]rdinarily, if the plaintiff's right is clear, a preliminary injunction will be granted."

■ Nothing like the situation that faced Judge Clark in the Houghton Mifflin case appears here. Plaintiff's thesis and defendants' book are not in active competition. There is no proof of any damage which requires an injunction pending trial. The question that remains is whether plaintiff's right is so clear, within the words of the Fox Film opinion, that proof of irreparable injury is unnecessary.

Plaintiff's right cannot be said to be clear if there is substance to any of the three issues raised by defendants: issues as to the validity of plaintiff's copyright, as to estoppel on account of plaintiff's delay and, finally, and fundamentally, as to the existence of infringement.

■ The first of these, the claim of invalidity of copyright, is without substance. Despite vigorous and well documented assertions by plaintiff, defendants claim that the borrowed copy of the thesis did not bear a copyright notice. Even if this should prove true it would not invalidate the copyright. Title 17 U.S. Code, section 21.

■ The defense of estoppel has more substance. Although plaintiff asserts that he was consulting counsel from the start, he gave no notice of his claim of infringement to defendants between the time when he says that he first saw defendants' book in February 1956 and the time when he testified before the Congressional Committee on June 25, 1958. Plaintiff points out that, of the $310,000 which defendant United Broth-

erhood of Carpenters and Joiners of America paid defendant Raddock for the book, all but $10,000 was paid before plaintiff learned of the existence of the book. He thus argues that the claim of estoppel fails because the United Brotherhood of Carpenters and Joiners of America would not have been in a position to withhold the expenditure of $300,000 even had he given his notice of claim of infringement at the instant that he learned of the defendants' book. That is not the whole story, however. Defendants claim that it was in the period intervening between plaintiff's acquisition of knowledge of defendants' book and his notice of claim of infringement that defendants manufactured, published, distributed and sold virtually all of the copies of defendants' book which have been manufactured, published, distributed and sold. As was said by Judge Learned Hand in Haas v. Leo Feist, Inc., D.C.S.D.N.Y., 234 F. 105, 108, "It must be obvious to everyone familiar with equitable principles that it is inequitable for the owner of a copyright, with full notice of an intended infringement, to stand inactive while the proposed infringer spends large sums of money in its exploitation, and to intervene only when his speculation has proved a success." It is true that there was not much question of the success of defendants' book since its distribution by defendant United Brotherhood of Carpenters and Joiners of America was almost entirely gratuitous. The principle here, however, is much the same as if plaintiff had waited for defendants' success if, as defendants claim, plaintiff permitted defendants to spend large sums on the manufacture of the book without making his claim of infringement. I find therefore that there is here an issue as to estoppel which prevents my saying that plaintiff's right is clear within the rule of the Fox Film case. Judge Hand, however, in the Leo Feist case said that such considerations as estoppel might be irrelevant if the defendant were a deliberate pirate. This leads me to examination of that question.

I apprehend that as to that question too the answer must be clear before it can be said that the matter of estoppel is irrelevant. I cannot brand as a deliberate pirate one who copies someone else's work without the copier's knowing that the work which he is copying is claimed to have been copyrighted. Uncopyrighted published material is in the public domain. There is only one bit of evidence before me which indicates that any of the defendants knew that the material was copyrighted at the time that extracts from it were included in defendants' book. That bit of evidence is the alleged notice of copyright upon the copy of the thesis which Graeber borrowed from Cornell. He stoutly maintains that the copy that he received bore no such notice. If I were the trier of the facts I would find on the evidence before me that the copy did bear such a notice but I cannot say that Graeber's flat denial does not raise a substantial issue. Without deciding that issue against him I cannot brand him as a deliberate pirate.

Since plaintiff does not show that he will suffer irreparable injury unless he has a preliminary injunction and since the existence of an issue as to estoppel and an issue as to whether defendants are deliberate pirates prevents a finding that plaintiff's right is clear within the rule of the Fox Film opinion, plaintiff is not entitled to a preliminary injunction.

Defendants strenuously contend that the parts of plaintiff's work which were copied were so insubstantial that plaintiff could not make out a prima facie case for a preliminary injunction even in the absence of an issue of estoppel. Since I cannot find a basis for a claim of irreparable injury or a basis for saying that plaintiff's right is so clear as to eliminate the necessity for proof of irreparable injury, I do not need to pass upon the issue of infringement.

The motion for a preliminary injunction is denied.

So ordered.