**LIFE MUSIC, INC., Barney Young also known as Don Fenton and Gloria Parker also known as Patricia Smith, Plaintiffs,**

v.

**WONDERLAND MUSIC COMPANY, Walt Disney Productions, Buena Vista Records, Julie Andrews, Richard M. Sherman, Robert B. Sherman and Broadcast Music, Inc., Defendants.**

United States District Court
S. D. New York.
May 24, 1965.

**654**

Harry H. Lipsig, New York City, for plaintiffs, Murray L. Lewis, New York City, of counsel.

Donovan Leisure Newton & Irvine, New York City, for defendants Wonderland Music Co., Walt Disney Productions and Buena Vista Records; Roy W. McDonald, J. Marne Gleason, James M. Bergen, H. Thomas Coghill, New York City, of counsel.

Rosenman Colin Kaye Petschek & Freund, New York City, for defendant Broadcast Music, Inc.; Lawrence R. Eno, New York City, of counsel.

FEINBERG, District Judge.

This is a motion for a preliminary injunction. Plaintiffs filed their complaint on February 25, 1965, alleging copyright infringement and seeking a permanent injunction, damages, and other relief.[1] Jurisdiction is vested in this court by 17 U.S.C. § 112 and 28 U.S C. § 1338.

The complaint alleges copyright infringement of plaintiffs' song "SUPERCALAFAJALISTICKESPEEALADOJUS" by defendants' song "SUPERCALIFRAGILISTICEXPIALIDOCIOUS." (All variants of this tongue twister will hereinafter be referred to collectively as "the word.") The individual plaintiffs claim to be the composers of the allegedly infringed song; plaintiff Life Music, Inc., is the assignee and distributor of plaintiffs' song. The allegedly infringing song was composed by defendants Richard and Robert Sherman. The song is sung by defendant Julie Andrews in the popular motion picture "Mary Poppins" produced by defendant Walt Disney Productions. The remaining defendants are involved either in distributing the song in sheet music and recorded versions or licensing rights to perform it on radio, television and elsewhere.

Plaintiffs seek a preliminary injunction "restraining defendants from in anyway [sic] performing, copying, using or playing the [allegedly infringing] musical composition. * * *" For the reasons set forth below, this motion is in all respects denied.

As a general rule, "the award of a preliminary injunction is an extraordinary remedy which will not be granted unless upon a clear showing of probable success and possible irreparable injury to the plaintiffs, lest the proper freedom of action of the defendant[s] be circumscribed when no wrong has been committed." Societé Comptoir De L'Indus., etc. v. Alexander's Dep't Stores, 299 F.2d 33, 35 (2d Cir. 1962); Hudson Pulp & Paper Corp. v. Swanee Paper Corp., 223 F.Supp. 617 (S.D.N.Y.1963); Valenti v. Dempsey, 211 F.Supp. 911 (D. Conn.1962). In copyright actions, the requisite showing of probable success is achieved by a prima facie showing that the moving party's copyright is valid and that the defendant has infringed. H. M. Kolbe Co. v. Armgus Textile Co., 279 F.2d 555 (2d Cir. 1960); Houghton Mifflin Co. v. Stackpole Sons, Inc., 104 F. 2d 306, 307 (2d Cir.), cert. denied, 308 U.S. 597, 60 S.Ct. 131, 84 L.Ed. 499 (1939); Prestige Floral S. A. v. California Artificial Flower Co., 201 F.Supp. 287, 289 (S.D.N.Y.1962).

---

1. The complaint contains other causes of action based upon unfair competition, breach of implied contract and conspiracy to defraud. In moving for a preliminary injunction, plaintiffs rely on the claim of copyright infringement.

The test for copyright infringement is "whether the one charged with the infringement has made an independent production, or made a substantial and unfair use of the complainant's work." Nutt v. National Institute for Imp. of Memory, 31 F.2d 236 (2d Cir. 1929); accord, Comptone Co. v. Rayex Corp., 251 F.2d 487 (2d Cir. 1958). To establish infringement, a plaintiff must prove copying, for proof of similarity, if similarity exists, between the copyrighted work and the allegedly infringing work does not, by itself, inevitably indicate an unfair use. Alfred Bell & Co. v. Catalda Fine Arts, Inc., 191 F.2d 99, 103 (2d Cir. 1951); Oxford Book Co. v. College Entrance Book Co., 98 F.2d 688, 692 (2d Cir. 1938); Greenbie v. Noble, 151 F.Supp. 45, 68 (S.D.N.Y.1957). It is apparent from the papers that plaintiffs intend to establish copying through the usual circumstantial evidence of access plus similarities between the two works. See Arnstein v. Porter, 154 F.2d 464 (2d Cir. 1946). In my judgment, the two works are so dissimilar that plaintiffs will probably not be able to prove copying and have, therefore, failed to make a prima facie showing of their ability to prevail on the issue of infringement.[2]

I have listened to phonograph records of both works,[3] and, in my opinion as an average observer, see Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960); Funkhouser v. Loews, Inc., 208 F.2d 185, 188 (8th Cir. 1953), cert. denied, 348 U.S. 843, 75 S.Ct. 64, 99 L.Ed. 664 (1954); Nichols v. Universal Pictures Corp., 45 F.2d 119, 123 (2d Cir. 1930), cert. denied, 282 U.S. 902, 51 S.Ct. 216, 75 L. Ed. 795 (1931), there is no discernible similarity between the music of both songs.[4]

An affidavit by a musical expert, submitted by defendants, supports this conclusion. The expert analyzed and compared the melody lines of both songs and concluded that "there is not a single instance of any two parallel notes appearing in succession, or of a single measure, phrase or theme showing the slightest melodic similarity. * * *"[5] Plaintiffs also contend that both songs have the

2. Defendants contend that plaintiffs have also failed to present a prima facie case of access. Memorandum of Defendants Wonderland, Disney and Buena Vista in Opposition to Plaintiffs' Motion for Temporary Injunction, pp. 29–37.

3. Plaintiffs failed to include in their petition a copy of the allegedly infringed and allegedly infringing work, in violation of Copyright Rules of Practice, Rule 2, 214 U.S. 533 (1909), as amended, 307 U.S. 652 (1962) reprinted at 17 U.S.C.A. p. 276 (1952). This might justify dismissal of their complaint with leave to amend, see Tully v. Triangle Film Corp., 229 Fed. 297 (S.D.N.Y.1916), a procedural course which does not commend itself, in view of the substantive deficiencies in plaintiffs' case for a preliminary injunction.

4. On the issue of similarity, plaintiffs offered to play several recordings produced specially for this litigation by a studio which, according to an affidavit submitted by defendants, has been recently involved in "diskleg" activities. See Shapiro, Bernstein & Co. v. H. L. Green Co., 316 F.2d 304 (2d Cir. 1963). According to plaintiff Young's affidavit, two of the recordings are simultaneous renditions of the music of both songs, each in the key and tempo of the other; the third recording is defendants' song, as sung by Julie Andrews, to the accompaniment of the music portion of plaintiffs' song in defendants' key and tempo.

Plaintiffs' papers seek to support this unique offer of proof solely by plaintiff Young's assertion that the third recording shows pirating "beyond peradventure." On the other hand, defendants have submitted an affidavit by a musical expert indicating that such recordings merely indicate that the two songs may be harmonized, a fact which is not probative on the issue of similarity.

Therefore, since (1) there is reason to doubt the accuracy of the recordings, (2) plaintiffs have failed to lay a proper foundation for their admission and (3) the records would not aid the average observer in determining copying, I exercised my discretion to exclude them in the motion argument. No opinion is expressed about their admissibility at trial.

5. Affidavit of Sigmund Spaeth, sworn to April 26, 1965, p. 4.

same starting and ending notes, keys, numbers of measures and tempo. The expert's affidavit makes clear that these similarities, even if true, are common to a great many songs, and that they do not, in any way, indicate copying.

■ As far as the lyrics are concerned, both songs use some spelling of "the word." Of course, even if defendants copied only "the word," they conceivably might still be liable for infringement. See Orgel v. Clark Boardman Co., 301 F.2d 119 (2d Cir.), cert. denied, 371 U.S. 817, 83 S.Ct. 31, 9 L.Ed.2d 58 (1962); National Comics Publications, Inc. v. Fawcett Publications, Inc., 191 F.2d 594, 603 (2d Cir. 1951), modified on other grounds, 198 F.2d 927 (2d Cir. 1952; Universal Pictures Co. v. Harold Lloyd Corp., 162 F.2d 354, 360–361 (9th Cir. 1947). Plaintiff Young claims to have coined "the word" when he was a child in Lawrence, Massachusetts in 1921, but asserts that it was "not known to the public until the publication of 'plaintiffs' song'."[6] However, defendants have submitted several affidavits of presumably disinterested persons who swear that variants of "the word" were known to and used by them many years prior to 1949, when plaintiffs claim to have written their song.[7] On the basis of the record before me, and for the purpose of this preliminary motion only, I find that "the word" was known to and used by members of the public for many years prior to 1951, the date when plaintiffs allegedly published their song. The significance of this is not that defendants are immunized from infringement liability if they, in fact, copied from plaintiffs; a copier can hardly escape liability merely by asserting his right to appropriate the underlying ideas or public domain aspects of the copyrighted work. Toksvig v. Bruce Pub. Co., 181 F.2d 664, 667 (7th Cir. 1950). Rather, the fact

that "the word" was known to the public, coupled with affidavits by the defendant composers that they knew of "the word" before plaintiffs composed their song, effectively negates, for purposes of this motion, the inference of copying which plaintiffs would have me draw merely from the highly questionable allegations of access plus the fact that "the word" appears in both songs. See Caldwell-Clements, Inc. v. Cowan Publishing Corp., 130 F.Supp. 326, 328 (S.D.N.Y.1955).

To summarize, I am denying the motion for a preliminary injunction because plaintiffs have failed to make a prima facie showing that they will be able to prevail on the issue of infringement. Indeed, at this stage of the litigation, after listening to the songs and reading the affidavits submitted by both sides, it is my opinion that plaintiffs have seized upon the employment of "the word" in two otherwise dissimilar songs, as the basis for an unfounded claim of infringement.

■ Had plaintiffs been more convincing on the issue of infringement, nevertheless, the request for an injunction would have been denied as a matter of discretion "according to the course and principles of courts of equity * * *." 17 U.S.C. § 112. See Strauss, Remedies Other than Damages for Copyright Infringement, in Subcomm. on Patents, Trademarks, and Copyrights of the Senate Comm. on the Judiciary, 86th Cong., 2d Sess. 115–117 (Comm. Print, Copyright Law Revision Study No. 24, 1959). It is true that many courts have stressed the requirement of a plaintiff's ability to prevail on the issues of copyright validity and infringement and have gone on to grant preliminary injunctions without much discussion about the equities of a particular case. But, significantly, these cases usually involved a situation in which the threat of possible irreparable

---

6. Affidavit of Barney Young, sworn to April 15, 1965, p. 4; Depositions of Barney Young, taken in April 1965, pp. 162–163, 165–166, attached as Exhibit K to Affidavit of Roy W. McDonald, sworn to April 29, 1965.

7. E. g., Affidavit of Stanley Eichelbaum, sworn to April 19, 1965; Affidavit of Clara Colclaser, sworn to April 20, 1965.

injury to plaintiff was an obvious inference from the fact that the works in issue were in active competition with each other, frequently in a seasonal market. E. g., H. M. Kolbe Co. v. Armgus Textile Co., supra; Houghton Mifflin Co. v. Stackpole Sons, Inc., supra; Prestige Floral S.A. v. California Artificial Flower Co., supra; Trifari, Krussman & Fishel, Inc. v. Charel Co., 134 F.Supp. 551, 554 (S.D.N.Y.1955). When, as here, this is not the case, and plaintiffs have also not clearly established their rights at this early stage of the litigation, see Christie v. Raddock, 169 F.Supp. 48 (S.D.N.Y. 1959), the court may require some showing of possible irreparable injury, although it is probably an abuse of discretion to require detailed proof of the danger of irreparable harm. Rushton v. Vitale, 218 F.2d 434, 436 (2d Cir. 1955) (involved "seasonal" market).

Plaintiffs, in their moving papers, allege the possibility of irreparable injury, but the facts, as developed in the affidavits, do not support such an allegation. Plaintiffs' song has not yielded any royalties in any form for the past several years and, for all practical purposes, the company owning it has gone out of business; the two works, therefore, are not in competition. Moreover, in the unlikely event that plaintiffs prevail on the main action, it is quite clear that defendants have adequate financial resources to satisfy any conceivable judgment.

Additionally, the court of appeals, in a copyright action, has recognized that "where damages will adequately compensate a complainant and where granting an injunction might work injury to the defendant out of proportion to that resulting to the complainant from its refusal, a preliminary injunction may be denied." L. C. Page & Co. v. Fox Film Corp., 83 F.2d 196, 200 (2d Cir. 1936). See also Foundry Services, Inc. v. Beneflux Corp., 206 F.2d 214 (2d Cir. 1953). While it is true that in *Page* an injunction was granted against a defendant characterized as "a willful infringer," the quoted dictum is certainly applicable to the facts of this case. The motion picture "Mary Poppins," as of April 20, 1965, was being exhibited in 462 theaters, with 2,600 additional theaters scheduled to exhibit the picture during the next several months. More than $1,500,000 has been spent to date to advertise the motion picture. Sales by defendants and their licensees of phonograph records and sheet music of the song are presently at their peak. It is, therefore, obvious from these facts and from the relative financial circumstances of the parties that an improvident granting of a temporary injunction would irremediably injure defendants far more than an erroneous failure to grant a preliminary injunction can hurt plaintiffs. Accordingly, the motion for a preliminary injunction is denied.

The foregoing shall constitute findings of fact and conclusions of law in accordance with Fed.R.Civ.P. 52(a). Settle order on notice.