**COMPTONE COMPANY, Ltd., Plaintiff-Appellee,**

v.

**RAYEX CORPORATION, Defendant-Appellant.**

**No. 131, Docket 24771.**

United States Court of Appeals Second Circuit.

Argued Dec. 3, 4, 1957.

Decided Jan. 9, 1958.

Jordan B. Bierman, New York City (Harry C. Bierman, New York City, on the brief), for plaintiff-appellee.

Abraham J. Nydick, New York City (Gilbert Ehrenkranz, Orange, N. J., of counsel), for defendant-appellant.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and SMITH, District Judge.

488

PER CURIAM.

This is an appeal from an order of the United States District Court for the Eastern District of New York granting a preliminary injunction in a copyright infringement action, and purporting to adjudge defendant in contempt for violation of a temporary restraining order.

 Defendant admittedly copied plaintiff's copyrighted sunglass advertising card. Later defendant issued a second card retaining features of the first but making some changes. It is to the defendant's second card that the orders on appeal are directed. There is still a substantial similarity in the effect obtained from the shape of the card, the legends, the price sign, and the use of the Eiffel Tower in a somewhat similar treatment, sufficient to sustain the court's Finding No. 8 of infringement. The copying need not be of every detail so long as the copy is substantially similar to the copyrighted work. " * * * The test is whether the one charged with the infringement has made an independent production, or made a substantial and unfair use of the complainant's work." Nutt v. National Institute Inc. for the Imp. of Memory, 2 Cir., 31 F.2d 236, 237; and see Ansehl v. Puritan Pharmaceutical Co., 8 Cir., 61 F.2d 131; Deutsch v. Arnold, 2 Cir., 98 F.2d 686; College Entrance Book Co. v. Amsco Book Co., 2 Cir., 119 F.2d 874; Alfred Bell & Co. Ltd. v. Catalda Fine Arts, 2 Cir., 191 F.2d 99.

 The court's refusal to find that plaintiff's hands were unclean because of its use of the term "fine optical lenses" on the affidavits submitted was not erroneous in view of the conflict of testimony in the affidavits on the meaning of the term in the trade.

 The wisdom of a finding of contempt may be open to question. However, no penalty has been imposed, and the contempt order remains merely a finding, without judgment thereon, subject to modification, prior to judgment. See opinion of Judge Byers, D.C., 158 F. Supp. 241. Since the contempt finding is not an order granting, continuing, modifying, refusing or dissolving an injunction, or refusing to dissolve or modify an injunction and is not a final decision, it is not appealable under 28 U.S.C. §§ 1292 or 1291.

So much of the appeal as seeks relief from the order holding defendant in contempt is dismissed as premature. The order appealed from is in all other respects affirmed.