**Helen Pratt STUFF, Plaintiff-Appellant,**

v.

**E. C. PUBLICATIONS, INC., William M. Gaines, Independent News Co., Crown Publishers, Inc., Ballantine Books, Inc., Defendants-Appellees.**

**No. 292, Docket 27909.**

United States Court of Appeals Second Circuit.

Argued Jan. 13, 1965.

Decided March 2, 1965.

Samuel J. Stoll, Jamaica, N. Y. (Feldman & Pollak, New York City, on the brief), for plaintiff-appellant.

Martin J. Scheiman, New York City (Scheiman, Albert & MacLean, New York City, on the brief), for defendants-appellees.

Before SMITH, KAUFMAN and ANDERSON, Circuit Judges.

SMITH, Circuit Judge.

Appellant, a holder of a United States copyright on a caricature of a grinning boy, sued defendants, publishers of "Mad" magazine for copyright infringement, in the United States District Court for the Southern District of New York. The Court, Lloyd F. MacMahon, District Judge, after trial without a jury, entered judgment dismissing the complaint on the merits. The Court held that the accused picture, a cartoon of a grinning boy to which defendants gave the name "Alfred E. Neuman" was a copy of plaintiff's caricature, "The Original Optimist," also known as "Me-Worry?". He held that plaintiff had the burden of establishing that all copies published by her husband, the original copyright holder, or under his authority, bore the required copyright notice, that she had failed to do so, and that her husband had been derelict in policing the copyright. While we do not necessarily agree with the precise scope of the ruling on burden of proof, the facts found make it clear that relief was properly denied, and we affirm the judgment. It is therefore unnecessary to consider defendants' cross appeal attacking certain of the court's findings.

Appellant's copyright issued in 1914 to her husband, to whom she was married in 1927. After her husband's death in 1938 appellant in 1941 renewed the copyright. Some 2,000 copies of the work had been sold between 1914 and 1920, none by the copyright holders thereafter. Between 1941 and 1948 appellant had received a total of $2850 in settlement of a series of six claims for infringement. Pursuant to the practice at the time of the copyright, the two copies of the work filed in the copyright office had been returned to the owner. Many unauthorized copies of the print had circulated over the years without copyright notice before defendants copied. Identical prints had been copyrighted by at least two persons since 1914. Defendants were found to have copied innocently a copy published without a notice.

When plaintiff proved her ownership of the validly issued copyright and defendants' copying of the work, she established a prima facie case of infringement under the statute. H. M. Kolbe Co. v. Armgus Textile Co., 315 F.2d 70 (2 Cir. 1963), Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487 (2 Cir. 1960). See Nimmer on Copyright § 141.1; Amdur, Copyright Law and Practice, at 1052. The court, however, found it established that a great volume of nearly identical prints had appeared

over a long period and that plaintiff's husband had been most derelict in preventing others from infringing his copyright. These findings, borne out by the evidence, support the inference suggested by the trial court that the copyright owner authorized or acquiesced in the wide circulation of the copies without notice. On this record we must hold that defendants have met their burden of showing circulation of copies without notice, acquiesced in by the copyright holder. See Nimmer, supra, § 146. The caricature was thereby dedicated to the public, barring any suit for infringement by plaintiff.

The judgment dismissing the complaint is affirmed.