The **AMERICAN FABRICS CO.**, Plaintiff,

v.

**LACE ART, INC.** and **Dayton Fabrics, Inc.**, Defendants.

No. 68 Civ. 1705.

United States District Court
S. D. New York.

Sept. 26, 1968.

Edward Halle, Garden City, N. Y., for plaintiff.

Cooper & Frome, New York City, for defendant, Lace Art, Inc.

Levy & Levy, New York City, for defendant, Dayton Fabrics, Inc.

## MEMORANDUM

MOTLEY, District Judge.

Plaintiff (American Fabrics) in a complaint served upon defendants (Lace Art and Dayton Fabrics) on April 30, 1968, alleges infringement of Copyright H 30090, issued by the Registrar of Copyrights under the Copyright Act (17 U.S.C. §§ 1–215) on December 6, 1965, and asks injunctive relief and damages. The action is before this court on plaintiff's motion for a preliminary injunction. The motion is denied.

American Fabrics manufactures laces and sells them in an international market. These laces incorporate its own designs and are sold both to garment manufacturers and department stores. American Fabrics copyrights its lace designs as a protective measure. Defendant Lace Art also creates its own lace designs and sells them to "converters", such as defendant Dayton Fabrics, which manufacture the lace and sell to retailers. The complaint alleges that Lace Art copied plaintiff's copyrighted design (identified on affidavit as a "rose and leaf" floral pattern) and sold it to Dayton Fabrics, which in turn is selling the design in competition with plaintiff.

■ The provisional remedy of a preliminary injunction is a drastic remedy. It allows restraint of a defendant's actions although no judgment has been rendered against defendant establishing a violation of the law, and, indeed, no trial of disputed issues of fact has occurred. To be granted such a remedy, therefore, a plaintiff must show irreparable injury and the absence of an adequate remedy at law. American

Visuals Corp. v. Holland, 219 F.2d 223 (2d Cir. 1955); Uneeda Doll Co. v. Goldfarb Novelty Co., 373 F.2d 851 (2d Cir. 1967), cert. dismissed, 389 U.S. 801, 88 S.Ct. 9, 19 L.Ed.2d 56 (1967). In addition, a plaintiff must show a substantial probability of success in the trial on the merits. American Visuals Corp. v. Holland, 261 F.2d 652 (2d Cir. 1958); Beechwood Music Corporation v. Vee Jay Records, Inc., 328 F.2d 728 (2d Cir. 1964). Where there are sharp issues of fact, incapable of being resolved on motion by affidavit, it is obvious that there is no certainty of outcome in the case and preliminary relief is not proper. Heyman v. Ar. Winareck, Inc., 166 F.Supp. 880 (S.D.N.Y.1958). This court finds important issues of fact, the resolution of which on trial may well result in judgment for defendants. Also, the plaintiff has insufficiently shown irreparable injury and an inadequate remedy at law, and the equities lie with defendants.

■ The issue of fact involving sufficiency of notice of copyright alone satisfies the court that plaintiff is not entitled to a preliminary injunction. Notice of copyright is required to be affixed to each copyrighted article offered for sale, 17 U.S.C. § 10. If notice of copyright is insufficient, the copyright is forfeited and the article is in the public domain where it may be freely copied. Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487 (2d Cir. 1960). Thus, plaintiff's argument that defendants are on notice of its copyright, even assuming the insufficiency of notice on the lace, because of notice of infringement sent by letter in October, 1967, misses the point. Once inadequate copyright notice has placed the article in the public domain, the copyright is forfeited and cannot be revived by notice of its former existence.

In arguing the sufficiency of its copyright notice, plaintiff places strong reliance on Peter Pan Fabrics, Inc. v. Martin Weiner Corp., supra.[1] Judge

1. Plaintiff's reply memorandum, pp. 5–7.

Hand, writing for the majority in that case, upheld the granting of a preliminary injunction in a copyright infringement suit also involving fabric design. Plaintiff in *Peter Pan Fabrics* had affixed copyright notice at intervals along the selvage of the bolts of cloth sold. The cloth was then sold to dressmakers, where the notices were either cut off on scrap material or sewn into seams where they were invisible to the purchaser of the dress. Rejecting, over the dissent of J. Friendly, a literal interpretation of § 10 ("notice shall be affixed to each copy * * * offered for sale"), that court refused to hold the notice given insufficient as a matter of law and placed the burden of proof of absence of notice on the defendant, a "deliberate copyist". Defendant had offered no evidence to show notice could have been embodied in the design without impairing its market value. American Fabrics, our plaintiff, claims notice may not be placed upon his lace without the same impairment.[2] Plaintiff says his lace has no selvage (finished edge of fabric which protects against unraveling) upon which to place notice.[3] He does state generally in one affidavit[4] that notice is "placed on the goods sold by the plaintiff", but in another affidavit[5] it appears that such notice consisted merely of labels upon the *samples*.

One significant difference between this case and *Peter Pan Fabrics* appears. Some of the lace of American Fabrics is sold directly to department stores for resale by the yard to home sewers.[6] Such lace apparently has no copyright notices,[7] although it would seem that they might be affixed to the board around which the lace is wrapped or by adhesive labels directly on the lace. It must be noted that the *Peter Pan*

*Fabrics* plaintiff at least made an initial effort to affix notice, and notices affixed to our plaintiff's bolts of lace would not disappear into dresses as in *Peter Pan Fabrics*, at least insofar as the bolts of lace go directly to department stores. This court might well hold plaintiff's notice of copyright, as adduced from the affidavits, insufficient as a matter of law, but such decision need not be made on this motion. It is enough that defendants raise issues of fact as to sufficiency of notice that threaten the probability of plaintiff's success on trial. Further testimony, perhaps that of experts, is needed as to the sufficiency of plaintiff's notice of copyright and any impairment of market value of the lace occasioned by alternative methods of notice, such as adhesive labels. See Thomas Wilson & Co. v. Irving J. Dorfman Co., 268 F. Supp. 711 (S.D.N.Y.1967).

This action is distinguishable from that in Uneeda Doll Co. v. Goldfarb Novelty Co., supra. The court was able there to hold copyright notice sufficient as a matter of law. There were no issues of fact as to the presence of notice and possible impairment of market value by alternative notice.

A detailed showing of irreparable harm is not necessary to obtain a preliminary injunction in a copyright infringement suit once a prima facie case is made out. Uneeda Doll Corp. v. Goldfarb Novelty Co., supra. However, American Fabrics has failed to make even a threshold showing of irreparable harm. Plaintiff does state that the one or two designs which are highly popular each season, the "style leaders", have high costs of development because of the many less successful designs, and that the copiers of these style leaders can

---

2. Ostrover's moving affidavit, p. 3.

3. Ostrover's reply affidavit, p. 1.

4. Ostrover's moving affidavit, p. 3.

5. Ostrover's reply affidavit, p. 3.

6. Ostrover's moving affidavit, p. 5, reports such sales to J. C. Penney & Co. and R.

H. Macy & Co. The Danziger and Edlitz affidavits of defendants report bolts of lace in several more stores.

7. Levy, Danziger, and Edlitz affidavits seem contrary to general assertion of notice in Ostrover's moving affidavit, p. 3. But compare Ostrover's reply affidavit, p. 3.

afford to undersell plaintiff because of the absence of this cost.[8] However, no reason is stated why money damages will not serve as an adequate remedy. In fact, the only reference in the papers submitted to irreparable harm suggests that this design can only be sold profitably "a few months longer" and that the need for relief is immediate.[9] Yet this moving affidavit was filed May 3, 1968, and the motion was made returnable on August 20, 1968, after four adjournments, at least two of which, and probably all four of which, were concurred in by plaintiff. It might appear on plaintiff's own moving affidavit that the crucial period for protection has passed.

Finally, the equities lie against plaintiff because of the delay in instituting the suit and bringing on the motion. The complaint was filed some seven months after the defendants were first apprised of the alleged infringement by mail. The motion for a preliminary injunction was initially made returnable right away, but four adjournments have delayed its hearing until this August 20. All of this suggests plaintiff does not feel the urgency his request demands. Plaintiff argues that a letter from Lace Art last fall satisfied him that this defendant was no longer infringing his copyright, and this is why the suit was delayed. However, plaintiff by letter of October 18, 1967, informed Dayton Fabrics that action would be taken if it did not cease selling infringing laces.[10] Dayton Fabrics did not respond, and it was Dayton, not Lace Act, who directly competed with plaintiff in sales of lace. Plaintiff, therefore, could not have been confident of an end to infringement damage merely because Lace Art responded. At any rate, excused delay in instituting the suit does not explain the delay in bringing on this motion. The fact that the selling life of this design is short compounds the difficulties experienced by the court in understanding these delays. Drastic provisional relief is not warranted at this late date. Thomas Wilson & Company v. Irving J. Dorfman Co., supra.

The court holds, in sum, that the existence of unresolved factual issues concerning the sufficiency of copyright notice, the lack of irreparable injury shown, and plaintiff's delays in instituting the suit and bringing on the motion, are each in and of themselves adequate reasons for exercising its discretion to deny the motion for a preliminary injunction.

---

8. Ostrover's moving affidavit, pp. 3–5.

9. Id. at 6.

10. Annexed to Gordon affidavit as Exhibit 1.