**LEON B. ROSENBLATT TEXTILES LTD., Plaintiff,**

v.

**M. LOWENSTEIN & SONS, INC., Defendant.**

**No. 70 Civ. 3250.**

United States District Court, S. D. New York.

Aug. 10, 1970.

Helfat & Helfat, New York Ctiy, for plaintiff; Bernard A. Helfat, New York City, of counsel.

Rapoport & Schwartzberg, New York City, for defendant; Howard Schwartzberg, New York City, of counsel.

## MEMORANDUM

COOPER, District Judge.

This is a motion for a preliminary injunction pursuant to Rule 65, F.R.Civ.P., seeking to enjoin defendant from infringing the copyrighted design "Pattern 8652—Patch Stripe," Copyright Reg. No. H39180 (issued August 11, 1969), of which plaintiff is the registered owner. Injunctive relief is authorized by 17 U.S.C. § 101(a). Jurisdiction under 28 U.S.C. § 1338 to grant injunction against violation of a copyright is vested in this Court by 17 U.S.C. § 112.

It is well settled that a preliminary injunction should issue in a copyright infringement case when plaintiff makes a prima facie showing that his copyright is valid and that the defendant has infringed. See Peter Pan Fabrics, Inc. v. Acadia Co., 173 F.Supp. 292, 296 (S.D.N.Y.1959), aff'd 274 F.2d 487 (2d Cir. 1960).

For purposes of this motion at least defendant's papers herein no where contest the originality of plaintiff's design, the issuance of a copyright to plaintiff, or the allegation that defendant's design infringes that copyright. Even if there were a denial of infringement, from an observation of the two fabrics in issue, exhibited to us in open court, we find that the "average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work," and therefore the required similarity is present in any event. Ideal Toy Corp. v. Fab-Lu Ltd., 360 F.2d 1021, 1022 (2d Cir. 1966).

Defendant's contention that plaintiff does not have a valid and protectable copyright is grounded solely upon its allegations that: (1) plaintiff is selling its fabrics in question without the required notice of copyright; and (2) plaintiff's attempted notice is inadequate.

Defendant's contention that the copyright notice required by 17 U.S.C. § 10 was omitted from some of plaintiff's fabric of the design in question, that accordingly plaintiff has abandoned said design to the public domain, must be rejected. Defendant does not contend that it lacked actual notice of the copyright, or that the fabric from which it made its copies lacked any copyright notice. It alleges only that after receiving service of the moving papers herein, defendant on July 31, 1970 purchased from Bon Dana Sportswear Co. in New York City two bolts of plaintiff's fabric herein issue (brought to Court and demonstrated in the course of argument), one containing 74 yards and the other 9 yards, neither of which has the required copyright notice in the design or on the selvage of the fabric; further, that said store has on its premises additional bolts of cloth in the same design, all of which were purchased by the store from plaintiff for use in the regular course of business, and lack the required copyright notice. See Affidavit of Howard Boxer, July 31, 1970.

In the case of a deliberate copyist, and defendant appears content to so

concede for purposes of this motion, it may be necessary for defendant to allege and prove absence of notice in order to defeat an application to protect plaintiff's design *pendente lite*. Cf. Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489–490 (2d Cir. 1960). As we have already noted above, defendant makes no such allegation.

■ In any event, with respect to the issue of abandonment, defendant has the burden of proof. See United Merchants and Manufacturers, Inc. v. Sarne Co., 278 F.Supp. 162, 164 (S.D.N.Y.1967). Section 21 of the Copyright Law, 17 U.S.C. § 21, provides for accidental omission from copies in relevant part as follows:

"Where the copyright proprietor has sought to comply with the provisions of this title with respect to notice, the omission by accident or mistake of the prescribed notice from a particular copy or copies shall not invalidate the copyright. * * *"

Plaintiff's president avers:

"Bon Dana Sportswear Co. is a customer of plaintiff to which plaintiff sold 4,167 yards of the copyrighted design on January 23, 1970. It was my belief that the yardage of the copyrighted design sold by plaintiff to Bon Dana was all imprinted with the copyright notice. Certainly Bon Dana knew the design was copyrighted, since plaintiff so advises all customers of copyrighted designs. It appears, however, that some of the yardage of the copyrighted design sold to Bon Dana by plaintiff shifted on the machine while being printed, by accident, and that a small fraction of the printed fabric did not contain the copyright legend which is inscribed on the roller upon which the copyrighted design is engraved and which is used to print the copyrighted design. Plaintiff's print plant is instructed to check for such accidental omissions, and plaintiff itself spot-checks the yardage, but it is possible that some yardage may be printed without the copyright legend and escapes notice during inspection.

This apparently is what happened with the fabric annexed to the BOXER affidavit as exhibit "B", since the checkered strip on which the copyright notice is included is entirely missing, and the design at the other selvage is correspondingly wider.

\* \* \* \* \* \*

Plaintiff has printed and sold over 150,000 yards of fabric bearing the copyrighted design." Reply Affidavit of Leon Rosenblatt, August 6, 1970, pp. 2, 3.

■ From all the papers before us, the oral argument in open court, the responses given to our factual questions during the course thereof, the bolts of fabric exhibited to us for our inspection at that time by both parties (we acknowledge that the better practice would have been to mark such fabrics as exhibits in evidence herein), we are overwhelmingly convinced that the omission were limited to a small percentage of plaintiff's fabric; that such omissions were by accident or mistake within the meaning of § 21; that accordingly there has been no abandonment of the design to the public domain and thus no invalidation of plaintiff's copyright. We find no deliberate omission of notice here. Compare National Comics Publications, Inc. v. Fawcett Publications, Inc., 191 F.2d 594 (2d Cir. 1951); *id.*, 198 F.2d 927 (2d Cir. 1952). Were we not so convinced we would hold an evidentiary hearing (even though there was no request by either party therefor).

■ Any argument that "the accidental omission of the copyright from some of the yardage sold by plaintiff, coupled with a failure to prove defendant's actual notice of the copyright, bars the issuance of injunctive relief," has been frequently determined to the contrary. United Merchants and Manufacturers, Inc. v. Sarne Co., *supra*, 278 F.Supp. at 165–166. Section 21 prevents recovery of damages from "an innocent infringer who has been misled by the omission of the notice," but does not grant absolute immunity from injunctive relief. *Id.* In any

event, there is no contention by defendant that it was misled.

 Turning now to defendant's second contention that the notice imprinted on the selvage of plaintiff's fabric is inadequate because it allegedly does not occur at least once for every repeat of the design, we believe this argument must likewise fail. The design does not, as defendant alleges, repeat every 8¾ inches merely because one feature of the overall complex design so repeats; rather, we are of the opinion that a repeat or copy of this design within the meaning of the notice requirement of 17 U.S.C. § 10 occurs only upon each repeat or copy of the entire 18 inch design. Notice is required at least once on each turn of the roller; that is met here. Cf. Peter Pan Fabrics, Inc. v. Acadia Co., 173 F.Supp. 292 (S.D.N.Y.1959), aff'd 274 F.2d 487 (2d Cir. 1960); H. M. Kolbe Co. v. Armgus Textile Co., 279 F.2d 555 (2d Cir. 1960).

In support of its argument, defendant relies solely upon the dissent by Judge Friendly in *Kolbe*. In light of the majority's decision to uphold the grant of a preliminary injunction therein, the law of this Circuit does not appear to concur with the strict position regarding the notice requirement contended for here.

Defendant does not contest plaintiff's allegations of the following irreparable injury:

> "Since the period during which these designs can be profitably sold by plaintiff is likely to last only the current season, since sales during this period will be very profitable to plaintiff if no copies are in the market, and since continued sales by defendant of textiles imprinted with a design exactly copied from plaintiff's copyright, on the same type greige goods and in the same color combination, will rapidly and finally bring plaintiff's sales of fabric bearing its copyrighted design to an end." Affidavit of Leon Rosenblatt, July 29, 1970, p. 6.

Where, as here, a prima facie case for copyright infringement has been made,

no detailed showing of irreparable injury is required in a motion for a preliminary injunction. Rushton v. Vitale, 218 F.2d 434, 436 (2d Cir. 1955).

Accordingly, for the reasons set forth above, plaintiff's application is granted. Plaintiff must furnish security in the amount of $2,500 pursuant to Rule 65 (c), F.R.Civ.P. The foregoing constitutes our findings of fact and conclusions of law pursuant to Rule 52(a), F.R.Civ.P.

Settle order on notice in accordance with Rule 65(d), F.R.Civ.P.