**L. BATLIN & SON, INC., Plaintiff,**

**v.**

**Jeffrey SNYDER, d.b.a. JSNY, et al.,
Defendants.**

**No. 75 Civ. 2036.**

United States District Court,
S. D. New York.

May 12, 1975.

Jacobs & Jacobs, New York City, for plaintiff; Mark H. Sparrow, New York City, of counsel.

Ostrolenk, Faber, Gerb & Soffen, New York City, for defendants Jeffrey Snyder, d. b. a. JSNY, Etna Products Co., Inc.; Robert C. Faber, New York City, of counsel.

Paul J. Curran, U. S. Atty., Southern District of New York, New York City, for United States Customs Service; Patrick Barth, Asst. U. S. Atty., of counsel.

METZNER, District Judge:

Plaintiff in this action moves for a preliminary injunction to compel de-

fendants Jeffrey Snyder, doing business as JSNY, and Etna Products, Inc., to cancel the recordation of Copyright No. GP95881 with defendant United States Customs Service, thereby allowing the entry of plaintiff's product into this country.

At the evidentiary hearing on the motion, the court was shown a cast iron "Uncle Sam Mechanical Bank," admittedly in the public domain, and defendants' plastic version of the bank on which they have a copyright. The latter reproduces the former except that it proportionally reduces the height from approximately eleven inches to approximately nine inches with trivial variations. Plaintiff manufactures outside the United States an identical plastic bank which, it is alleged by defendants, infringes their valid copyright, and which is presently in the process of being shipped into this country in quantity.

■ In copyright cases, the standard for granting a preliminary injunction is a clear showing of probability of success on the merits. Robert Stigwood Group Ltd. v. Sperber, 457 F.2d 50 (2d Cir. 1972); Concord Fabrics, Inc. v. Marcus Brothers Textile Corp., 409 F.2d 1315 (2d Cir. 1969); Uneeda Doll Co. v. Goldfarb Novelty Co., 373 F.2d 851 (2d Cir. 1967).

I have already held in Etna Products Co., Inc. v. E. Mishan & Sons, 75 Civ. 428 (S.D.N.Y. February 13, 1975), that I find little probability that defendants' copyright will be found valid in a trial on the merits. I reaffirm that opinion here.

■ The court agrees with the legal proposition advanced by the defendants that to support a valid copyright as a reproduction of a work of art, only originality is required. Gardenia Flowers, Inc. v. Joseph Markovits, Inc., 280 F.Supp. 776 (S.D.N.Y.1968); Nimmer on Copyrights, § 20.3 (1963).

In Alfred Bell & Co. v. Catalda Fine Arts, 191 F.2d 99 (2d Cir. 1951), in which the court defined originality in a reproduction case, the court stated (at pp. 102–03):

"'Original' in reference to a copyrighted work means that the particular work 'owes its origin' to the 'author.' No large measure of novelty is necessary. . . .

. . . . . .

All that is needed to satisfy both the Constitution and the statute is that the 'author' contributed *something more than a 'merely trivial' variation,* something *recognizably* 'his own.' Originality in this context 'means *little more than a prohibition of actual copying.'* No matter how poor artistically the *'author's' addition,* it is enough if it be his own." (Emphasis added.)

■ There is no question that defendant Snyder is an author within the meaning of the copyright laws. *See* Irving J. Dorfman Co. v. Borlan Industries, Inc., 309 F.Supp. 21 (S.D.N.Y. 1969).

■ Defendants contend that the concept of originality embraces a mere copying if it requires artistic skill to achieve the finished product. The court agrees that in this case a degree of physical artistic skill was necessary to produce the plastic article. What defendant overlooks is that this artistic skill must *contribute* to the work. It must be more than a *"merely trivial variation,"* which is all that is present here. The need for artistic skill in the execution of the copy is not sufficient.

■ Defendants rely heavily on the "Rodin's Hand of God" case, Alva Studios, Inc. v. Winninger, 177 F.Supp. 265 (S.D.N.Y.1959). In that case the court found a one-half size reproduction of

Rodin's famous work to be copyrightable. The court held:

"In a work of sculpture, this reduction requires far more than an abridgement of a written classic; great skill and originality is called for when one seeks to produce ᾿a scale reduction of a great work with exactitude." (*Id.* at 267.)

Even if this court were prepared to accept this decision, the complexity referred to distinguishes that case from the case at bar. Here, no such level of input is reached. Interestingly enough, defendants went to great pains on the hearing to prove that there were substantial differences between the iron and the plastic articles.

The motion by the United States Customs Service to dismiss the complaint is granted.

Motion granted.

Settle order.