GREEFF FABRICS, INC., Plaintiff,

v.

MALDEN MILLS INDUSTRIES, INC., Defendant.

No. 76 Civ. 1188 (JMC).

United States District Court, S. D. New York.

April 13, 1976.

Stoll & Stoll, New York City (Robert S. Stoll, New York City, of counsel), for plaintiff.

Kreindler, Relkin & Goldberg, New York City (George E. Goldberg, New York City, of counsel), for defendant.

## MEMORANDUM DECISION

CANNELLA, District Judge:

Application by Greeff Fabrics, Inc. ("Greeff"), plaintiff herein, for a preliminary injunction enjoining defendant Malden Mills Industries, Inc. ("Malden"), pending final determination of this action from manufacturing, converting, selling or distributing textiles bearing a reproduction of the copyrighted work of art known as "58710–13 Contemplation" is denied. Jurisdiction is vested in this Court pursuant to 17 U.S.C. § 112 and 28 U.S.C. § 1338.

## FACTS [1]

Petitioner states that it is "one of the leading designer fabric houses in the world," [2] maintaining a large design studio in order to "offer the finest reproduction of original works of art" which it has created or purchased. [3]

The design here in issue, first published on August 15, 1974, was filed with the Register of Copyrights and granted Copyright No. Gp 93648 on September 13, 1974. [4] Since August 15, 1974, all copies of the "Contemplation" design published by plaintiff have been published in strict conformity with the applicable copyright laws. However, some time prior to the fall of 1975, petitioner discovered a textile fabric called "Camelot," produced and sold by Belle Fabrics, Inc. ("Belle"), which embodied its copyrighted "Contemplation" design.

Greeff initiated legal proceedings against Belle for copyright infringement and on October 20, 1975 that litigation terminated in a consent judgment and agreement whereby petitioner, at Belle's request, granted Belle a limited license to continue selling fabric embodying the subject design for a phase-out period to be completed on or before May 1, 1976. The agreement contains an additional proviso requiring Belle to place a Greeff copyright notice on all fabric sold or displayed by Belle bearing the "Contemplation" design. [5]

The affidavit of Jerimiah Lewkowicz, Belle's president, details Belle's attempts to comply with the notice requirement of the licensing agreement. Using a rubber stamp provided by Greeff's attorney, the copyright notice [6] was applied to a hang tag which was then affixed to each and every roll of "Camelot" fabric sold by Belle. [7]

---

1. The essential facts herein are largely undisputed. Solely for purposes of this motion, many have been stipulated to and incorporated in Court Exhibit 1.

2. Affidavit of Richard C. Johann, President of Greeff, March 10, 1976 ¶ 2 (hereinafter "Johann Affidavit"). Designer fabrics are defined as those "used by the interior designing trade to professionally decorate the interiors of homes, offices and dignified commercial establishments such as hotels with drapery, upholstery for furniture, bedspreads and the like." Id.

3. Johann Affidavit ¶¶ 3, 4.

4. See Exhibit 1 annexed to the complaint.

5. The agreement is annexed as Exhibit A to Court Exhibit 1.

6. Fabric Design Copyright
   © by Greeff Fabrics, Inc.
   Not a Greeff product.

7. Belle apparently sold this fabric in entire rolls and did not cut the material for sale in smaller quantities. It did, however, distribute samples of the "Camelot" fabric, to which it stapled white cards bearing the stamped copyright notice.

It is respondent's position that its challenged fabric design was innocently copied from a sample of "Camelot" fabric which bore no copyright notice. Milton Glasser, a Malden employee, testified that Malden's first exposure to the Belle fabric occurred when one of his customers gave him a piece of the Belle fabric, approximately one yard long and selvage to selvage in width, and asked him to copy the design. This swatch contained no copyright notice. Before copying this design, respondent instructed its salesmen to search the market to see if anyone was reserving rights in the fabric. They returned with a piece of the same fabric, this one approximately ten yards long (Respondent's Exhibit A). No copyright notice appeared anywhere on this piece, nor on any tag attached thereto.[8] Concluding that the fabric design was in the public domain, respondent copied it and placed its product on the market. On March 11, 1976 Greeff instituted this suit, charging Malden with infringing the copyright on its "Contemplation" design. The instant application was made shortly thereafter.

## DISCUSSION

■ In an infringement case a preliminary injunction should issue if petitioner can show "a reasonable probability of prevailing on the merits." *Concord Fabrics,*

Inc. v. Marcus Bros. Textile Corp., 409 F.2d 1315, 1317 (2d Cir. 1969) (per curiam). Generally, this burden is satisfied by a prima facie showing that petitioner is the holder of a valid copyright and that the defendant has infringed. *E. g., Thomas Wilson & Co. v. Irving J. Dorfman Co.,* 433 F.2d 409, 411 (2d Cir. 1970), *cert. denied,* 401 U.S. 977, 91 S.Ct. 1200, 28 L.Ed.2d 326 (1971); *Leon B. Rosenblatt Textiles Ltd. v. M. Lowenstein & Sons, Inc.,* 321 F.Supp. 186, 187 (S.D.N.Y. 1970) (Cooper, J.). For purposes of this motion respondent nowhere contests the originality of petitioner's design, the issuance of a valid copyright to petitioner, or the allegation that it has marketed fabrics bearing a facsimile of the design in question without obtaining petitioner's permission. Respondent's principal contention is that the copyright notice required by § 10 of the copyright law[9] was omitted from the Belle fabric bearing the "Contemplation" design; this omission resulted in dedication of the design to the public domain and consequent forfeiture of copyright protection.

## Was the notice affixed to the Belle fabric sufficient under the statute?

■ When the statutory notice is not affixed to an article which is then passed into the stream of commerce, the copyright holder forfeits his rights under the copyright and the article may be freely copied by others.[10] *Peter Pan Fabrics, Inc. v. Mar-*

---

**8.** Although petitioner does not concede that respondent's Exhibit A is Belle fabric, the evidence presently before the Court strongly indicates that in fact it is.

**9.** 17 U.S.C. § 10.

**10.** The threshold question is whether the proper copyright notice was affixed when the goods left the copyright proprietor's control, and it is not fatal if others thereafter removed the required notice. *Gerlach-Barklow Co. v. Morris & Bendien, Inc.,* 23 F.2d 159, 162 (2d Cir. 1927); *Irving J. Dorfman Co. v. Borlan Industries, Inc.,* 309 F.Supp. 21, 24 (S.D.N.Y.1969) (Lasker, J.).

Section 10 does not impose upon copyright proprietors the duty of policing the distribution of pirated works. Only goods sold "by authority of the copyright proprietor" are required, lest the copyright owner lose the copyright protection that is his, to carry the

statutory notice. Normally, of course, the copyright owner will have discharged his obligation in this respect by seeing that each copy of the protected work has the notice affixed to it at the time it leaves his control. Therefore, the fact that unmarked copies of a work have somehow come into the possession of one whom the copyright owner alleges to be an infringer will not, without more, justify the denial of an injunction to protect the copyright owner from further unauthorized distribution.

*H.M. Kolbe Co. v. Armgus Textile Co.,* 315 F.2d 70, 74 (2d Cir. 1963). The burden of proving that the statutory notice was not affixed to the article when it entered the stream of commerce rests on the alleged infringer. *Stuff v. E.C. Publications, Inc.,* 342 F.2d 143 (2d Cir.), *cert. denied,* 382 U.S. 822, 86 S.Ct. 50, 15 L.Ed.2d 68 (1965); *Irving J. Dorfman Co. v. Borlan Industries, Inc.,* 309 F.Supp. 21, 24 (S.D.N.Y.1969)

*tin Weiner Corp.*, 274 F.2d 487 (2d Cir. 1960); *Irving J. Dorfman Co. v. Borlan Industries, Inc.*, 309 F.Supp. 21, 24 (S.D.N.Y.1969) (Lasker, J.); *American Fabrics Co. v. Lace Art, Inc.*, 291 F.Supp. 589, 590 (S.D.N.Y.1968) (Motley, J.); 1 *Nimmer on Copyright* § 82 at 302 (1975). However, there is much debate as to what the appropriate statutory notice is with respect to a repeating fabric design. The Copyright Act states that the notice "shall be affixed to each copy" of the protected work. 17 U.S.C. § 10. But "[b]ecause of the continuous nature of the composite design printed on [certain fabrics] there are conceptual difficulties inherent in determining the limits of the protected 'work', and the number of 'copies' thereof contained in a bolt" of the finished product. *H.M. Kolbe Co. v. Armgus Textile Co.*, 315 F.2d 70, 72 (2d Cir. 1963).

▮ Petitioner contends that a single copyright notice on an entire roll of material containing a repeating fabric design is sufficient notice.[11] On the other hand, respondent argues that where such continuous fabric designs are concerned, a notice of copyright is required at least once for each repetition of the entire design.[12] Although the oft-questioned decision of the Supreme Court in *Louis Dejonge & Co. v. Breuker & Kessler*, 235 U.S. 33, 35 S.Ct. 6, 59 L.Ed. 113 (1914) is strong authority for the latter proposition, we are aware of no decision which has expressly applied such a rule. However, the weight of authority does indicate that the notice must appear at frequent intervals on the selvage or throughout the design itself. *H.M. Kolbe Co. v. Armgus Textile Co.*, 315 F.2d 70, 73 (2d Cir. 1963) (notice appearing at least once for every repetition of the design is sufficient); *Judscott Handprints, Ltd. v. Washington Wall Paper Co.*, 377 F.Supp. 1372 (E.D.N.Y. 1974) (eighteen inch long notices appearing at 3¾" intervals of the selvage of a fifteen inch repeating fabric design is sufficient although notice appears less than once for each repetition of the design); *Klauber Brothers, Inc. v. Westchester Lace Works, Inc.*, 181 U.S.P.Q. 523 (S.D.N.Y.1974) (single notice at beginning of spools of lace ranging in length from 100 to 500 yards seriously questioned); *Leon B. Rosenblatt Textiles Ltd. v. M. Lowenstein & Sons, Inc.*, 321 F.Supp. 186, 189 (S.D.N.Y.1970) (notice required at least once for each turn of the roller that prints the design); *United Merchants and Manufacturers, Inc. v. Sutton*, 282 F.Supp. 588, 590 (S.D.N.Y.1967) (notice on selvage of each yard of goods is sufficient); *United Merchants and Manufacturers, Inc. v. Sarne Co.*, 278 F.Supp. 162, 165 (S.D.N.Y.1967) (notice on the selvage of the fabric at every 27 inch "repeat" of the design is sufficient); *Key West Hand Print Fabrics, Inc. v. Serbin, Inc.*, 244 F.Supp. 287, 289–90 (S.D.Fla.1965) (statutory notice appearing on the selvage once for each repeat of a 30 inch design sufficient); *John Wolf Textiles, Inc. v. Andris Fabrics, Inc.*, 139 U.S.P.Q. 365, 367 (S.D.N.Y.1962) (notice conspicuously printed on selvage of every yard of goods sufficient); *Peter Pan Fabrics, Inc. v. Puritan Dress Co.*, 207 F.Supp.

(Lasker, J.); *United Merchants and Manufacturers, Inc. v. Sarne Co.*, 278 F.Supp. 162, 164 (S.D.N.Y.1967) (Mansfield, J.).

11. In support of this position petitioner advises the Court that the Register of Copyrights has accepted for registration an entire roll of wall covering, approximately 4¼ yards long (Belle sells fabric embodying petitioner's "Contemplation" design in rolls approximately fifty yards long) containing only one copyright notice, the argument being that if the Register of Copyrights deems one notice sufficient for an entire roll of a product that contains a repeating design, that is all that the Act requires. Regardless of the efficacy of this argument in a case wherein the fabric was so registered, the Court finds it inapplicable to the case presently before it. The two bolts of fabric embodying the instant design which were submitted to the Register of Copyright by petitioner were between one and three yards long, not entire rolls. This is crucial to the determination of the appropriate notice under the *Kolbe* case, *see* notes 11–15 and accompanying text, *infra*. Furthermore, there is nothing in the record to suggest a similarity between wall covering and a repeating fabric design.

12. Petitioner's fabric design repeats every 25½ inches.

563 (S.D.N.Y.1962) (notice printed on the selvage at nineteen inch intervals sufficient); *Peter Pan Fabrics, Inc. v. Candy Frocks, Inc.*, 187 F.Supp. 334, 336 (S.D.N.Y. 1960) (statutory requirement is met where notice is imprinted at least once for every repeat of the design).[13] Furthermore, although no court has gone as far as respondent suggests, it is clear that with respect to repetitive designs imprinted on a continuous roll of material the "copies" of the work deposited by the author with the Register of Copyrights pursuant to 17 U.S.C. § 13 set the "outer limit within which published copies must bear the statutory notice." *H.M. Kolbe Co. v. Armgus Textile Co.*, 315 F.2d 70, 73 (2d Cir. 1963). *Accord, Klauber Bros., Inc. v. Westchester Lace Works, Inc.*, 181 U.S.P.Q. 523, 524–25 (S.D. N.Y.1974) (Metzner, J.). Since petitioner's officially-deposited copies are less than three yards in length [14] the single copyright notice affixed by Belle to the fifty-yard rolls it produced is insufficient to protect Greeff's copyright.[15]

Petitioner attempts to avoid this result by arguing that it is not responsible for Belle's failure to affix an adequate copyright notice to its infringing product.[16] It is to this contention that we now turn.

*Was Belle's publication "authorized" by Greeff?*

■ The requirement of Section 10 of the Copyright Act that proper notice be affixed to the original and each copy of a copyrighted work as published is applicable only with respect to *authorized* publications. Thus a publication devoid of notice will not

effect a forfeiture of the copyright "unless it is shown that such publication occurred by or under the authority of the copyright proprietor." *Judscott Handprints Ltd. v. Washington Wall Paper Co.*, 377 F.Supp. 1372, 1378 (E.D.N.Y.1974) (quoting from 1 *Nimmer on Copyright* § 82 at 303); *accord, H.M. Kolbe Co. v. Armgus Textile Co.*, 315 F.2d 70, 73–75 (2d Cir. 1963). Petitioner contends that under the doctrine enunciated by the Second Circuit in *Kolbe, supra,* the unnoticed publications by Belle herein were *unauthorized* publications. In *Kolbe* the court of appeals held that where, as part of a settlement agreement, the owner of a textile design copyright consents to the sale of garments manufactured from fabrics embodying the infringing design as to which manufacture has already begun, such consent does not constitute authorization within the meaning of 17 U.S.C. § 10 and thus will not result in copyright forfeiture upon subsequent publication of such "copies" without proper notice. The court reasoned that "mere acquiescence in a course of action [the copyright proprietor] was powerless to control" and that in any event "was clearly a part of a larger endeavor to limit infringing sales . . . insofar as that could be accomplished by an out-of-court settlement" did not rise to the level of "authorization" under the Act. 315 F.2d at 75.

A like result was reached in *Judscott, supra,* where pursuant to a settlement agreement a license was granted subject to the condition that the licensee would affix a copyright notice to all previously made infringing copies. An issue of fact arose as

---

**13.** An examination of the above authorities reveals that determination of the sufficiency of copyright notice, within the limits to be discussed below, is done on an ad hoc basis.

**14.** Court Exhibit 1 ¶ 3.

**15.** Of course, this Court does not consider the size of the copy deposited by the copyright proprietor to be the sole measure of the scope of a protected textile design. To do so "would mean that a single notice, if sufficiently legible, would suffice for the whole bolt . . . if

this were what [an owner] purported to copyright." *Kolbe, supra,* 315 F.2d at 73 (quoting from *H.M. Kolbe Co. v. Armgus Textile Co.,* 279 F.2d 555, 557 (2d Cir. 1960) (Friendly, J., dissenting)).

**16.** Petitioner does not contend that the omissions of the copyright notice were limited to a very small percentage of the fabric sold or due to inadvertence or accident, circumstances which would excuse lack of notice under 17 U.S.C. § 21.

to whether the copyright owner had acquiesced in any publications lacking the requisite notice. Finding no proof of acquiescence, the court indicated that even if the opposite were true, under the *Kolbe* doctrine publication of such improperly noticed copies would not result in dedication of the copyright design to the public domain. 377 F.Supp. at 1378–79.

■ On the present state of the record the Court is unable to make a final determination as to whether the instant situation falls within the ambit of the foregoing limited exception to the copyright notice requirement. The evidence adduced to this point indicates that the instant licensing agreement, although executed in settlement of pending litigation, goes far beyond those in *Kolbe* and *Judscott*. In addition to allowing disposal of infringing material already on hand, the agreement apparently contemplates continued production of fabric embodying the copyrighted design.[17] Furthermore, petitioner seems to have been aware of Belle's method of affixing the copyright notice to the infringing fabric, since its own attorney supplied the rubber stamp to be used for this purpose.[18] These facts strongly indicate that Greeff did authorize Belle's inadequately noticed publications.

However, the Court need not express any views as to the ultimate merits of each party's position on this issue. At the present stage of the proceedings there exist serious questions regarding the continuing validity of petitioner's copyright. Such being the case, petitioner has not satisfied its burden of establishing a reasonable probability of ultimate success on the merits. *Klauber Brothers, Inc. v. Westchester Lace Works, Inc.*, 181 U.S.P.Q. 523, 525 (S.D.N.Y. 1974) (Metzner, J.); *Gianni Cereda Fabrics, Inc. v. Bazaar Fabrics, Inc.*, 335 F.Supp. 278 (S.D.N.Y.1971) (Motley, J.); *Irving J. Dorf-*

*man Co. v. Borlan Industries, Inc.*, 309 F.Supp. 21, 25 (S.D.N.Y.1969) (Lasker, J.); *American Fabrics Co. v. Lace Art, Inc.*, 291 F.Supp. 589, 590 (S.D.N.Y.1968) (Motley, J.). Accordingly, the motion for a preliminary injunction must be denied.

SO ORDERED.

---

**17.** The agreement allows Belle to "conduct the orderly sale of its infringing fabric, designated as 'Camelot', by continuing in its usual business concerning this line through May 1, 1976 only and by phasing-out that fabric." Agree-ment between Greeff Fabrics, Inc. and Belle Fabrics, Inc. dated October 20, 1975 ¶ 2.

**18.** In fact, Greeff has made no attempt to contradict this assertion.