**IDEAL TOY CORPORATION, Plaintiff-Appellant,**

v.

**FAB-LU LTD. (INC.) and David Faber, Defendants-Appellees.**

**No. 328, Docket 29759.**

United States Court of Appeals Second Circuit.

Argued May 2, 1966.

Decided May 23, 1966.

Morton Amster, Amster & Rothstein, New York City, for appellant.

Edward Halle, Garden City, N. Y., Hubbell, Cohen, Stiefel & Fiddler, New York City, for defendants-appellees.

Before LUMBARD, Chief Judge, and MOORE and FEINBERG, Circuit Judges.

MOORE, Circuit Judge:

On October 13, 1964 appellant, Ideal Toy Corp., filed a complaint in the district court seeking relief from alleged acts of copyright infringement and unfair competition on the part of appellees, Fab-Lu Ltd. and David Faber, with respect to two toy dolls manufactured by appellant. Subsequently, appellant made a motion for a preliminary injunction restraining the sale of two dolls, "Randy," a teenage fashion doll, and "Mary Lou," a pre-teen fashion doll, by appellees, on the grounds that (a) appellees' dolls infringed appellant's copyright on two dolls, "Tammy," a teenage fashion doll, and "Pepper," a pre-teen fashion doll, in violation of 17 U.S.C. § 101, and (b) that appellees were using reproductions of appellant's "Tammy" doll in advertising the "Randy" doll in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The district court issued an order restraining the sale of the "Randy" doll based on the claim of unfair competition. It refused, however, to grant a preliminary injunction based on the claim of copyright infringement finding that "although the accused dolls are similar to * * * (appellant's) dolls in size and shape, and indeed some features (such as hands and arms) are virtually identical, we think the total effect of the image conveyed to an ordinary observer by the accused dolls is quite distinct from that of * * * (appellant's) dolls." Thereafter, the court granted a motion for reargument [1] concerning the infringement claim and, in an order dated March 17, 1965 it adhered to its original decision. This appeal concerns the propriety of the court's disposition of the infringement claim. We affirm.

"This court's function in reviewing the grant or denial of a preliminary injunction is a limited one. A motion for such relief is directed to the sound discretion of the district judge whose decision will not be reversed unless an abuse of discretion is apparent." Joshua Meier Co. v. Albany Novelty Mfg. Co., 236 F.2d 144, 146 (2d Cir. 1956); see American Visuals Corp. v. Holland, 261 F.2d 652 (2d Cir. 1958); Nimmer, Copyright § 157.1 (1964). Moreover, we cannot lose sight of the fact that "the test for infringement of a copyright is of necessity vague * * * (and) decisions must therefore inevitably be ad hoc." Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960) (L. Hand, J.); see Uneeda Doll Co. v. P & M Doll Co., 353 F.2d 788 (2d Cir. 1965). It is well established, however, that in order to sustain a claim of copyright infringement the claimant is required to demonstrate a substantial similarity between the copyrighted work and the alleged copy. American Visuals Corp. v. Holland, 219 F.2d 223 (2d Cir. 1954); Ideal Toy Corp. v. Adanta Novelties Corp., 223 F.Supp. 866 (S.D.N.Y.1963); see Comptone Co. v. Rayex Corp., 251 F.2d 487 (2d Cir. 1958); Nimmer, supra § 143. This is a factual question and the appropriate test for determining whether substantial similarity is present is whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work. See, e. g., Peter Pan Fabrics, Inc. v. Martin Weiner Corp., supra; Arnstein v. Broadcast Music Co., 137 F.2d 410 (2d Cir. 1943); Life Music Inc. v. Wonderland Music Co., 241 F. Supp. 653, 655 (S.D.N.Y.1965). The district court correctly employed the ordi-

---

1. The motion for reargument was granted to permit appellant to introduce additional evidence that appellees had access to at least one of appellant's dolls prior to manufacturing the "Randy" and "Mary Lou" dolls. The court, however, did not consider the evidence persuasive since it had no bearing on its prior finding that appellant had failed to show substantial similarity between its dolls and those of appellees.

nary observer test [2] and, on the basis of the evidence before it, we cannot say that the denial of appellant's motion for a preliminary injunction as to the infringement claim constituted an abuse of discretion. See Uneeda Doll Co. v. P & M Doll Co., supra; Ideal Toy Corp. v. Adanta Novelties Corp., supra. An examination of the dolls reveals that, while similarities exist as to standard doll features such as the full faces; pert, upturned noses; bow lips; large, widely spaced eyes; and slim figures, distinct differences exist with respect to the neck structures and hair styles, and to a lesser extent with respect to the chin structures and the over-all craftsmanship of the dolls. Moreover, it is interesting to note that the gravamen of appellant's infringement claim, as it appears in the complaint, is that the "Tammy" and "Pepper" dolls are unique in that they are "particularly characterized by an original and distinctive doll head" and that appellees improperly copied that design. The most apparent differences between the dolls, however, relate to the head design which indicates that "whatever unique quality * * * (appellant's) doll may have * *, (appellees have) not appropriated it." Ideal Toy Co. v. Sayco Doll Corp., 302 F.2d 623, 627 (2d Cir. 1962) (Clark, J., dissenting).

The judgment of the district court is affirmed.

2. Contrary to appellant's urging, the district court did not err in relying in part on this court's statement in Arnstein v. Porter, 154 F.2d 464 (2d Cir. 1946) that to sustain an infringement claim it must be shown that "copying (assuming it to be proved) went so far as to constitute improper appropriation." Id. at 468. The above-quoted statement in *Arnstein* was merely an alternative way of formulating the issue of substantial similarity. This is evident from the court's further comment that "on that issue * * * (i. e., improper appropriation) the test is the response of the ordinary lay hearer * * *," ibid., although the use of the term "improper appropriation" somewhat obscures the issue. See Nimmer, Copyright § 143.53 (1964).