**CAMARO HEADQUARTERS INC.**

v.

**Phill Lee BANKS, Cindy Banks and National Camaro, Inc.**

No. 84–2640.

United States District Court,
E.D. Pennsylvania.

April 10, 1985.

---

Arthur Jacobs, Philadelphia, Pa., for plaintiff.

Stanley H. Cohen, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Plaintiff, Camaro Headquarters, Inc., brought this copyright infringement action pursuant to 17 U.S.C. § 501, against defendants, Phill Lee Banks, Cindy Banks, and the company under which the Banks trade, National Camaro. Plaintiff alleged that the copyright it owns, No. TX 1–069–363, for its sales catalog has been infringed upon, in that the sales catalog distributed by the defendants is substantially similar to the plaintiff's protected work.

On July 3, 1984, in accordance with a stipulation entered into between the parties, a motion of the plaintiff for a preliminary injunction was granted enjoining the defendants from publishing, selling, marketing or otherwise distributing or disposing of any copies of any of their catalogs that fully or substantially resembled or incorporated the designs, arrangements and language of the plaintiff's protected work. Subsequently, on February 1, 1985, it was ordered that trial be held in this matter on February 20, 1985. On February 6, 1985, defendants' counsel filed with this court a motion for leave to withdraw his appearance, which motion was later granted. The trial date previously set was continued to March 8, 1985, to afford the defendants a sufficient interval to retain new counsel. The defendants were advised of this new trial date by a certified letter sent to them by the plaintiff's counsel.

The defendants failed to appear at the trial. Plaintiff's counsel was present with his witnesses. The court instructed plaintiff's counsel to submit the testimony of the witnesses in affidavit form, and to send copies to the defendants so they could object to any of the testimony. On March 12, 1985, plaintiff filed the affidavits of its witnesses with the Court, and sent copies of the affidavits to the defendants by first class mail, postage paid. The affidavits were those of Harry Woodrow and Cynthia Woodrow, the principal stockholders of the plaintiff corporation.

For the plaintiff to prevail, it must establish a *prima facie* case of infringement. The test for establishing an infringement has been stated by the Court of Appeals for the Third Circuit as follows:

> To establish a copyright infringement, the holder must first prove that the defendant has copied the protected work and, second, that there is a substantial similarity between the two works. The criterion for the latter requirement is whether an ordinary lay observer would detect a substantial similarity between the works. *Ideal Toy Corporation v. Fab-Lu Ltd.*, 360 F.2d 1021 (2d Cir.1966). Phrased in an alternative fashion, it must be shown that copying went so far as to constitute improper appropriation, the test being the response of the ordinary lay person. *Arnstein v. Porter*, 154 F.2d 464 (2d Cir.1946). *See also* Nimmer on Copyright § 143.53 (1973 ed.).

*Universal Athletic Sales Co. v. Salkeld*, 511 F.2d 904, 907 (3d Cir.1975).

As to the element of "copying", it has been held that the appearance of common errors in the works of the plaintiff and defendant are especially probative. *Adventures in Good Eating v. Best Places to Eat*, 131 F.2d 809, 811 (7th Cir.1942); *College Entrance Book Co. v. Amsco Book Co.*, 119 F.2d 874, 875 (2d Cir.1941); *Rexnord, Inc. v. Modern Handling Systems, Inc.*, 379 F.Supp. 1190, 1194 (D.Del.1974).

■ In her affidavit, Cynthia Woodrow states that she personally typed the plaintiff's catalog and made several typographical errors. These same misspellings appear in the defendants' catalog. We note, for example, that on page 16 of the plaintiff's catalog, listing colors of 1968 "deluxe reproduction seat skins" the word "turquoise" is spelled incorrectly twice. On the corresponding page of defendants' catalog, the word is also misspelled twice.

Indeed, in examining the two catalogs submitted as exhibits it is apparent that they are identical save for their cover pages and prices quoted. The schematic drawings of the automotive parts cataloged, their labeling and numbering are

identical in all relevant aspects. We, therefore, find that there is substantial similarity between the works. We, therefore, find that the plaintiff has met its burden of establishing a willful infringement by the defendants.

As to the question of damages, plaintiff requests that we award statutory damages of $50,000.00. Under 17 U.S.C. § 504(c)(1), the court may award a sum of not less than $250.00 nor more than $10,-000.00 upon a showing of infringement. However, where the plaintiff sustains the burden of proving, and the court finds, that the infringement was committed willfully, the court may, in its discretion, increase the award of statutory damages to a sum of not more than $50,000.00. While we do find the infringement was willful, we decline to award the maximum statutory damages allowable. We find that the sum of $20,000.00, twice the $10,000.00 award sanctioned by § 504(c)(1), is, given the facts of the case, an equitable award to the plaintiff.