**FLOMERICS LTD., Plaintiff,**

v.

**FLUID DYNAMICS INTERNATIONAL, INC., Defendant.**

Civ. A. No. 95–40020–NMG.

United States District Court, D. Massachusetts.

March 29, 1995.

William N. Berkowitz, Charles L. Solomont, Karen E. Nelson, Bingham, Dana & Gould, Boston, MA, for plaintiff.

James J. Marcellino, McDermott, Will & Emery, Boston, MA, James W. Lovett, McDermott, Will & Emery, Chicago, IL, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

The plaintiff, Flomerics Limited ("Flomerics"), brought this action against Fluid Dynamics International, Inc. ("FDI"), alleging, *inter alia*, copyright infringement with respect to its "Flotherm" reference manual. Pending before this Court is Flomerics' motion for a preliminary injunction.

## I. BACKGROUND

Flomerics, a limited liability company organized under the laws of England, develops, manufactures and sells computer application software programs that use computational fluid dynamics techniques to predict fluid flow and heat transfer in various industrial applications. During 1988 and 1989, Flomerics developed a computer software program, called "Flotherm," which allegedly enables engineers and scientists in the electronics industry to analyze and optimize the thermal design of electronics equipment. According to Flomerics, engineers use Flotherm to predict air flow and heat transfer in electronic systems (i.e., in the circuits comprising computer micro-chips) before those systems are actually manufactured.

In connection with the Flotherm software, Flomerics developed a substantial reference manual that describes the operation and use of the Flotherm computer program. Flomerics registered its copyright for that manual (Reg. No. TXu 593-552) on October 31, 1994.

Flomerics brought this action against FDI, an Illinois corporation that markets and sells software programs in direct competition with Flomerics, claiming that FDI's "Icepak" software package infringed Flomerics' copyrights. Flomerics now seeks a preliminary injunction to enjoin FDI from selling and/or distributing its Icepak *reference manual*. (Flomerics has not sought to enjoin FDI from selling its Icepak software.)

## II. DISCUSSION

To merit a preliminary injunction under Fed.R.Civ.P. 65(a), the moving party must show: 1) likelihood of success on the merits, 2) irreparable injury, 3) that such injury outweighs any harm that the injunction would inflict on the defendant, and 4) that the injunction would not adversely affect the public interest. *Keds Corp. v. Renee Int'l Trading Corp.*, 888 F.2d 215, 220 (1st Cir.1989). These requirements have, however, been modified slightly in copyright cases.

The First Circuit Court of Appeals evaluated the preliminary injunction standard with respect to cases involving claims of copyright infringement in *Concrete Machinery Co. v. Classic Lawn Ornaments*, 843 F.2d 600, 611 (1st Cir.1988). In that case, the First Circuit reached three significant conclusions: 1) if likelihood of success on the merits is shown, irreparable injury is presumed; 2) the public interest is not a "genuine" issue because "it is virtually axiomatic that the public interest can only be served by upholding copyright protections"; and 3) likelihood of success on the merits should "be placed in the scales when [the court] weighs

the balance of the harms." *Id.* at 611–12. Under the law of this Circuit, therefore, the most important factor as to whether the Court should issue a preliminary injunction in this case is Flomerics' likelihood of success on the merits of its copyright claim.[1]

■ In order for Flomerics to show a likelihood of success on its claim of copyright infringement, it must show: 1) ownership of a valid copyright, and 2) copying of the protected work by an alleged infringer. *Id.* at 605. *See also Lotus Dev. Corp. v. Borland Int'l, Inc.,* 49 F.3d 807, at 813 (1st Cir.1995).

■ Flomerics has submitted a certificate of copyright registration for its reference manual. That certificate constitutes *prima facie* evidence of a valid copyright. *Lotus Dev. Corp.,* 49 F.3d at 813. Because the defendant has not rebutted this presumption of validity, the Court finds that Flomerics has shown ownership of a valid copyright for its Flotherm reference manual and has, therefore, satisfied the first prong of the test necessary to show copyright infringement.

■ To satisfy the second prong of the test, proof that its reference manual was copied, Flomerics must present:

"either ... direct evidence of factual copying or, if that is unavailable, evidence that the alleged infringer had access to the copyrighted work *and* that the offending and copyrighted works are so similar that the court may infer that there was factual copying (i.e., probative similarity)." *Id.* at 14, 49 F.3d at 814 (emphasis added).

Flomerics has not presented any direct evidence of factual copying. At the hearing, however, FDI admitted that it had access to the Flotherm reference manual. Flomerics' likelihood of success, therefore, rests on whether it can demonstrate that FDI's Icepak reference manual is substantially similar to Flomerics' copyrighted manual. *See Concrete Machinery Co.,* 843 F.2d at 606.

In determining whether "copying" is substantial, this Court employs the "ordinary observer" test outlined in the *Concrete Machinery* decision:

"The test is whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value." *Id.* at 607 (citations omitted).

This Court finds that, under the "ordinary observer" test, FDI's Icepak manual is substantially similar to Flotherm's manual. The Court acknowledges FDI's claims that 1) there are limited ways to express scientific principles and facts and that when there is only one way to express an idea or a scientific principle, that idea or principle merges with its expression and is not copyrightable, and 2) not all of the 384 alleged instances of "copying" cited by Flomerics constitute copyright infringement. Nevertheless, based upon numerous instances of substantial copying of creative, expressive language cited by the plaintiff, the Court finds that an ordinary reasonable observer would recognize the Icepak manual as having been appropriated from the Flotherm manual. *See Id. (citing Ideal Toy Corp. v. Fab–Lu Ltd.,* 360 F.2d 1021, 1022 (2d Cir.1966)).

Indeed, the copying in the Icepak manual is so blatant that it repeats verbatim phrases, and even an algebraic error, found in the Flotherm manual. *See Id.* at 608 ("the existence of only minor differences may itself suggest copying"); *Engineering Dynamics v. Structural Software,* 785 F.Supp. 576, 583 (E.D.La.1991) ("one of the most significant evidences of copying is the copying of errors") (*quoting United Telephone Co. of Missouri v. Johnson Pub. Co.,* 671 F.Supp. 1514, 1521 (W.D.Mo.1987)). Accordingly, the Court concludes that plaintiff has carried its burden of proving a likelihood of success on the merits.

### III. CONCLUSION

Based upon the memoranda and affidavits submitted by both parties, and on the arguments of counsel at the hearing on March 14, 1995, this Court finds that: 1) Flomerics has

---

1. Flomerics has advanced only its copyright claim as grounds for the preliminary injunction. The Court, therefore, does not consider the merits of Flomerics' trade secrets claim.

demonstrated a likelihood of success on the merits of its claim alleging infringement of its Flotherm reference manual's copyright, 2) Flomerics will suffer irreparable harm if the preliminary injunction is not granted, 3) Flomerics' harm will outweigh any harm that the injunction will cause to FDI, and 4) the public interest will not be adversely affected by granting the injunction. Fed.R.Civ.P. 65. *See Camel Hair and Cashmere Inst. of Am. v. Associated Dry Goods Corp.*, 799 F.2d 6, 12 (1st Cir.1986). *See also Concrete Machinery Co.*, 843 F.2d at 611–12. The Court will, therefore, allow Flomerics' motion for a preliminary injunction.

## ORDER

For the foregoing reasons, Flomerics' motion for a preliminary injunction is **ALLOWED**. It is hereby ORDERED that the defendant, Fluid Dynamics International, Inc., its officers, affiliates, agents, servants, employees and attorneys, and those persons in active concert or participation with them during the pendency of this action:

1. shall not market, offer, sell, dispose of, license, lease, transfer, disseminate, publish, display, advertise, reproduce, deliver, print or manufacture the current version of the Icepak Reference Manual in hard copy, magnetic or electronic media or any other form;

2. shall recall all originals, copies and duplicates of the current version of the Icepak Reference Manual from all persons and entities to whom the defendant delivered, disseminated or transmitted said Reference Manual in hard copy, magnetic or electronic media or any other form, and from all other persons or entities known by the defendant to be in possession, custody or control of same; and

3. shall file with the Court and serve on counsel for Flomerics, within forty (40) days after entry of this Order, a certification of compliance detailing the manner and form of defendant's compliance with this Order.

Pursuant to Fed.R.Civ.P. 65(c), this Court ORDERS Flomerics to provide a bond in the amount of Five Thousand Dollars ($5,000) as security for this preliminary injunction.

So Ordered.