365 F.3d 133
 MATTEL, INC., Plaintiff-Counter-Defendant-Appellant,
v.
GOLDBERGER DOLL MANUFACTURING CO. and Radio City Productions, LLC, Defendants, and
Radio City Entertainment, A Division of Madison Square Garden Entertainment, L.P., Defendant-Appellee.
 No. 02-9042.
 United States Court of Appeals, Second Circuit.
 Argued: June 19, 2003.
 Decided: April 16, 2004.
 
 William Dunnegan, Perkins & Dunnegan, New York, NY, for Appellant.
 Michael Aschen, Abelman, Frayne, & Schwab (Lawrence E. Abelman and Alan J. Hartnick, on the brief), New York, NY, for Appellee.
 Before: JOHN M. WALKER, JR., Chief Judge, LEVAL and KATZMANN, Circuit Judges.
 LEVAL, Circuit Judge.
 
 
 1
 Plaintiff Mattel, Inc., appeals from a grant of summary judgment by the United States District Court for the Southern District of New York (Rakoff, J.) in favor of the defendant Radio City Entertainment ("Radio City"). Mattel is the creator of, and owns copyrights in, the world famous "Barbie doll," whose current sales exceed $1 billion per year worldwide. Defendant Radio City operates the Radio City Music Hall theater in New York City, which features the widely renowned Rockettes chorus line. To celebrate the millennium, Radio City (together with its co-defendants)[1] created a doll, which it named the "Rockettes 2000" doll. Mattel brought this suit alleging that in designing the Rockette doll, Radio City infringed its copyrights by copying facial features from two different Barbie dolls-"Neptune's Daughter Barbie," registered in 1992, and "CEO Barbie," registered in 1999. It is not reasonably subject to dispute that the Rockette doll is, in several respects including central features of the face, quite similar to the Barbie dolls.
 
 
 2
 The district court granted the defendant's motion for summary judgment. The court assumed for the purposes of the summary judgment motion that the defendant had copied the Rockette doll's eyes, nose, and mouth from Barbie. It concluded, however, "When it comes to something as common as a youthful, female doll, the unprotectible elements are legion, including, e.g., full faces; pert, upturned noses; bow lips; large, widely spaced eyes; and slim figures" (internal quotation marks omitted). Believing that copyright protection did not extend to Barbie's eyes, nose, and mouth, the court excluded similarity as to those features from the determination whether there was substantial similarity between plaintiff's and defendant's dolls. It concluded in comparing the other parts of the respective heads that there was no substantial similarity and therefore entered summary judgment for the defendant. Mattel, Inc. v. Radio City Entm't, 2002 WL 1300265, at *1 (S.D.N.Y. June 12, 2002) 2002 U.S. Dist. LEXIS 10517, at *3-*4. Mattel brought this appeal.
 
 Discussion
 
 3
 The court's conclusion that the eyes, nose, and mouth of the registered Barbie faces were not protected by copyright was erroneous.
 
 
 4
 In explanation of this conclusion, the court relied on our 1966 opinion in Ideal Toy Corp. v. Fab-Lu Ltd., 360 F.2d 1021 (1966). In that case, the district court had denied a preliminary injunction to one doll manufacturer who accused another of copying. On appeal, we found that the district court had not abused its discretion in finding that the plaintiff had failed to show a likelihood of success on the merits, and therefore affirmed. Comparing the dolls at issue, we observed that "similarities exist as to standard doll features such as the full faces; pert, upturned noses; bow lips; large, widely spaced eyes; and slim figures." Id. at 1023. On the other hand we noted that there were "distinct differences" as to the neck, hair style, chin structure, overall craftsmanship, and head design, the last of which was "the gravamen of [the] infringement claim." Id. We thus concluded that the district court had not abused its discretion in its assessment that the plaintiff had not shown a likelihood of success on the "substantial similarity" prong of its claim.
 
 
 5
 Although in Ideal Toy we described the facial features of the dolls then before us as "standard," we did not say that those facial features were not protected by copyright. To the contrary, we included those features in our comparison of the dolls, noting both the similarity in those features and the differences in others. When the case returned to the district court for trial, following our affirmance of the denial of the preliminary injunction, the defendant, which had previously denied copying, now admitted it. See Ideal Toy Corp. v. Fab-Lu, Ltd., 261 F.Supp. 238, 240 (S.D.N.Y.1966). Judge Weinfeld then found infringement and imposed liability. Id. at 242. In describing the respects in which the defendant's dolls were substantially similar to those of the plaintiff, i.e. the similarities that sustained the judgment of liability, Judge Weinfeld specifically noted the similarity in the "large widely spaced eyes, ... pert upturned noses, [and] bow lips." Id. Judge Weinfeld clearly did not understand our prior ruling as suggesting that the features we described as standard were unprotected.
 
 
 6
 The proposition that standard or common features are not protected is inconsistent with copyright law.[2] To merit protection from copying, a work need not be particularly novel or unusual. It need only have been "independently created" by the author and possess "some minimal degree of creativity." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 345, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). As the Supreme Court has explained, the "requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." Id. (internal quotation marks omitted). There are innumerable ways of making upturned noses, bow lips, and widely spaced eyes. Even if the record had shown that many dolls possess upturned noses, bow lips, and wide-spread eyes, it would not follow that each such doll-assuming it was independently created and not copied from others-would not enjoy protection from copying. We have often affirmed entitlement to copyright protection so long as the work was in fact created by its author, notwithstanding "lack of creativity," Thomas Wilson & Co. v. Irving J. Dorfman Co., 433 F.2d 409, 411 (2d Cir.1970) (lace design, although not a "work of art," possessed "more than the faint trace of originality required"), "lack of artistic merit," Rushton v. Vitale, 218 F.2d 434, 435-36 (2d Cir.1955) (chimpanzee doll showed more than "merely trivial" originality), and absence of anything "strikingly unique or novel," Alfred Bell & Co. v. Catalda Fine Arts, Inc., 191 F.2d 99, 102-03 (2d Cir.1951) ("All that is needed ... is that the author contributed something more than a merely trivial variation, something recognizably his own. Originality in this context means little more than a prohibition of actual copying. No matter how poor artistically the author's addition, it is enough if it be his own.") (internal quotation marks omitted).
 
 
 7
 On Radio City's motion for summary judgment, we must view the evidence in the light most favorable to Mattel. Uncontradicted evidence shows the Barbie visage was independently created by Mattel. Nothing in the record gives reason to doubt that its creation involved whatever minimal creativity or originality is need to satisfy the requirement of authorship. The evidence Mattel submitted is sufficient to justify copyright protection for the central expressive features of Barbie's face.
 
 
 8
 The protection that flows from such a copyright is, of course, quite limited. The copyright does not protect ideas; it protects only the author's particularized expression of the idea. See Attia v. Soc'y of the N.Y. Hosp., 201 F.3d 50, 55 (2d Cir.1999) (architect's copyright was not infringed by copying of his "concepts and ideas"); Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir.1960) (L. Hand, J.) ("[T]here can be no copyright in the `ideas' disclosed but only in their `expression.'"); Nichols v. Universal Pictures Corp., 45 F.2d 119, 121 (2d Cir.1930) (L. Hand, J.) (a playwright's copyright was not violated by a movie script on similar themes). Thus, Mattel's copyright in a doll visage with an upturned nose, bow lips, and widely spaced eyes will not prevent a competitor from making dolls with upturned noses, bow lips, and widely spaced eyes, even if the competitor has taken the idea from Mattel's example, so long as the competitor has not copied Mattel's particularized expression. An upturned nose, bow lips, and wide eyes are the "idea" of a certain type of doll face. That idea belongs not to Mattel but to the public domain. See Mattel, Inc. v. Azrak-Hamway Int'l, Inc., 724 F.2d 357, 360 (2d Cir.1983) (creator of a muscle-bound action doll has copyright in "particularized expression [such as] the decision to accentuate certain muscle groups relative to others" even though imitator is free to make dolls expressing same general idea). But Mattel's copyright will protect its own particularized expression of that idea and bar a competitor from copying Mattel's realization of the Barbie features.
 
 
 9
 The distinction between the idea and the expression, although famously difficult to apply, is of great importance. One artist's version of a doll face with upturned nose, bow lips, and widely spaced eyes will be irresistible to an eight-year-old collector. Another artist's version, which to a grownup may look very like the first, will be a dud to the eight-year-old. The law of copyright guarantees to the designer of the successful version that, although its idea for a certain type of work is freely available to others who would imitate it, the designer cannot be deprived of the benefit of its successful design by others' copying it.[3]
 
 
 10
 We can surmise that in the highly competitive, billion-dollar doll industry, getting the doll's face and expression exactly right is crucial to success. Mattel's evidence showed that it frequently produces revisions and adjustments to the particular realization of the Barbie face in an effort to continue to appeal to its young customers, as their tastes change with time. It is entitled by its copyright not to have its design copied by competitors.[4]
 
 
 11
 We express no view as to whether the Rockette doll was copied from Barbie. However, because the district court erred in concluding that the defendant could freely copy the central facial features of the Barbie dolls without infringing Mattel's copyright, we vacate the grant of summary judgment and remand for trial.
 
 Conclusion
 
 12
 The judgment is vacated and the case remanded for further proceedings.
 
 
 
 Notes:
 
 
 [1]
 Mattel has settled all claims with defendants Goldberger Doll Manufacturing Co. and Radio City Productions, LLC
 
 
 [2]
 A properly supported finding that the features of a plaintiff's work are standard or common could have a different significance in a copyright dispute. For example, if the facial features of two dolls were similar not only to each other, but also to those of numerous other dolls available on the market, the similarity would be relatively unlikely to support the inference that the defendant copied from the plaintiff. The defendant might equally have copied from any of the other similar dolls. Alternatively, an observation that features of a work are ubiquitous within an industry might lead a court to doubt that those features are original to the plaintiffSee, e.g., Acuff-Rose Music, Inc. v. Jostens, Inc., 155 F.3d 140, 144 (2d Cir.1998) ("[T]he district court reasonably concluded that the prior usage of the saying was sufficiently widespread as to make it exceedingly unlikely ... that [the plaintiff] had, in fact, independently created the phrase.").
 In the present case, however, the district court assumed that the defendant copied from the plaintiff and did not suggest that the dolls were not original to Mattel.
 
 
 [3]
 We recognize that language in our own opinions may have contributed to the district court's determination. For example, inDurham Indus. v. Tomy Corp., 630 F.2d 905 (2d Cir.1980), we observed:
 In regard to the baby dolls, a certain degree of similarity is attributable to the "kewpie doll" appearance of both the Tomy and the Durham toys, but as stated in Ideal Toy Corp. v. Fab-Lu Ltd., 360 F.2d 1021, 1023 (2d Cir.1966), full faces, pert noses, bow lips, and large, widely spaced eyes are standard doll features. As we recently noted in discussing the alleged infringement of a copyrighted story for children," `similarity of expression ... which necessarily results from the fact that the common idea is only capable of expression in more or less stereotyped form will preclude a finding of actionable similarity.'"
 Id. at 916 (quoting Reyher v. Children's Television Workshop, 533 F.2d 87, 91 (2d Cir.1976) (quoting 1 Nimmeron Copyright § 143.11 (1975 edition))). It is of course true that similarity which necessarily results from the replication of an idea will not support a finding of infringement. But we did not mean to suggest in Durham that, because original copyrighted features are, or may be described as, standard or commonplace, they maybe freely copied. We see no reason to believe that Barbie's facial features are necessary to convey the idea of a young adult female fashion doll.
 
 
 [4]
 Nor can one who copies portions of a work protected by copyright escape liability by changing other portionsSee Nat'l Comics Publ'ns, Inc. v. Fawcett Publ'ns, Inc., 191 F.2d 594, 603 (2d Cir.1951) (L. Hand, J.) ("[Defendant] appears to suppose that, because its [version] differed from [plaintiff's] in essential details of plot and in general pattern, it did not infringe. Nothing could be more mistaken; a plagiarist can never excuse his wrong by showing how much he did not plagiarize.").